## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

NICOLE ALEQUIN, TESHIURE AMOS, FELICIA ANDREWS, ALISON ASA, MATTHEW BOGART, BELINDA LACEY BROWN, ELISA BYRNE, SHARON CANTEEN, CHRISTINA CARDENAS, RAYLENE CARLSON, JACLYN CIRILLO, STEPHEN DONETH, LASHAWN EDMONDS, AMANDA EMERSON, LISA FOSTER, MARY GILLESPIE, PENNY GREEN, TIFFANY GREEN, DARLENE HAMILTON, PRINCESS L. HEARD, BRAD HENRY, CYNTHIA LAMBERT ICE, DAVID S. JUHASZ, JAMIE KERR, BRENDA LAWSON, LISA M. LONG, AMANDA MATHIS, JENNIFER McDONALD, JONATHAN McDOUGAL, SAMANTHA MEDINA, CRYSTAL MILLER, FAYE MILLER, REBECCAH MOON, BRIGETT L. NICHOLS, KIMBERLY PALCHICK, NIKITA PATRICK, JODIE PENDLEY, ALAINE PETERS, KATHLEEN PHARES, REBECCA PHILLIPS, CHRISTINA POLK, RALPH RAGSDALE, JR., JEANINE REDMON, NAKEYSHA ROBERTSON, JAMES ROGERS, SARINA UNANGST, NATALIE VACCARO, HEATH VINCENT, TROY VINCENT, STASHA WHITE, MARY WILLIAMS, ANTONIO WILSON, REGINIA YOLTON, and EDWARD ZILKEY,

      Plaintiffs,

v.

DARDEN RESTAURANTS, INC., GMRI, INC., RARE HOSPITALITY INTERNATIONAL, INC., RARE HOSPITALITY MANAGEMENT, INC., N and D RESTAURANTS, INC., DARDEN SW LLC, and FLORIDA SE, INC.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

12-61742-CIV-
ROSENBAUM/SELZTER

## DEFENDANTS' ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Defendants Darden Restaurants, Inc., GMRI, Inc., Rare Hospitality International, Inc., Rare Hospitality Management, Inc., N and D Restaurants, Inc., Darden SW LLC, and Florida SE, Inc. (collectively "Defendants"), by and through their undersigned counsel, hereby answer each consecutively numbered paragraph of Plaintiffs' First Amended Collective Action Complaint as follows:

## INTRODUCTION

1.      Defendants admit that Plaintiffs purport to bring claims individually and as part of a collective action under the Fair Labor Standards Act ("FLSA").  Defendants deny the remaining allegations contained in Paragraph 1 of the First Amended Complaint.

2.      Defendants admit that Plaintiffs purport to bring this action as a collective action under the Fair Labor Standards Act.  Defendants further admit that Plaintiffs purport to represent themselves and a class of other similarly situated employees currently or formerly employed by Defendants as tipped employees.  Defendants deny that this lawsuit is properly subject to treatment as a collective action pursuant to 29 U.S.C. §216(b) and further deny the remaining allegations contained in Paragraph 2 of the First Amended Complaint.

3.       Defendants deny the allegations contained in Paragraph 3 of the First Amended Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the First Amended Complaint.

5.      GMRI admits that certain of its tipped employees were paid pursuant to the tip-credit provisions of the FLSA.  Defendants do not admit or deny the remaining allegations in Paragraph 5 of the First Amended Complaint as said allegations are statements or conclusions of law to which no responsive pleading is required.  To the extent that a response is required,

2

Defendants deny the remaining allegations contained in this Paragraph.

6.      Defendants deny the allegations contained in Paragraph 6 of the First Amended Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the First Amended Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the First Amended Complaint.

## CLASS DESCRIPTION

9.      Defendants admit that Plaintiffs purport to bring suit on behalf of themselves and similarly situated persons described in Paragraph 9 of the First Amended Complaint.  Defendants deny that this action is properly subject to treatment as a collective action pursuant to 29 U.S.C. §216(b).

## PARTIES

10.     Defendants admit that Nicole Alequin worked as a server at an Olive Garden restaurant located in Michigan during the three years prior to the filing of the Complaint but deny that she worked at multiple locations in Florida as a server during the pertinent time period. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

11.     Defendants admit that Teshiure Amos worked as a server at a Red Lobster restaurant located in Florida during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph,

and therefore, deny those allegations.

12.     Defendants admit that Felicia Andrews currently works as a server at a Red Lobster restaurant located in Georgia.  Defendants deny that this Plaintiff is employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

13.     Defendants admit that Alison Asa currently works as a server at a LongHorn Steakhouse restaurant located in Tennessee.  Defendants deny that this Plaintiff is employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

14.     Defendants admit that Matthew Bogart worked as a server at one Longhorn Steakhouse restaurant located in Pennsylvania and one in South Carolina during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

15.     Defendants admit that Belinda Lacey Brown worked as a server at an Olive Garden restaurant located in Tennessee during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

16.     Defendants deny that Elisa Byrne was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

17.     Defendants admit that Sharon Canteen worked as a server at an Olive Garden

restaurant located in North Carolina during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

18.     Defendants admit that Christina Cardenas worked as a server at a LongHorn Steakhouse restaurant located in Florida during the three years prior to the filing of the Complaint. Defendants deny that she was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

19.     Defendants admit that Raylene Carlson worked as a server at only one Red Lobster restaurant located in Florida during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

20.     Defendants admit that Jaclyn Cirillo worked at two Olive Garden restaurants located in Florida during the three years prior to the filing of the Complaint, but only as a server at one location. Defendants deny that this Plaintiff was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

21.     Defendants admit that Stephen Doneth worked as a server at an Olive Garden and a Seasons 52 restaurant located in Florida during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this

paragraph, and therefore, deny those allegations.

22.    Defendants admit that Lashawn Edmonds worked as a server at a Red Lobster restaurant located in Kentucky during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

23.    Defendants admit that Amanda Emerson is a current server at a Bahama Breeze restaurant located in Florida.   Defendants deny that this Plaintiff is employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

24.    Defendants admit that Lisa Foster worked as a server at a Red Lobster restaurant located in Virginia during the three years prior to the filing of the Complaint.  Defendants deny that was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

25.    Defendants admit that Mary Gillespie is a current server at a Red Lobster restaurant located in New York.   Defendants deny that she worked at multiple locations. Defendants deny that this Plaintiff is employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

26.    Defendants admit that Penny Green worked as a server at a Red Lobster restaurant located in Florida during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph,

and therefore, deny those allegations.

27.     Defendants admit that Tiffany Green worked as a server at a Red Lobster restaurant located in Illinois for an approximately three month period during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

28.     Defendants admit that Darlene Hamilton worked as a server at a single Red Lobster restaurant located in Tennessee during the three years prior to the filing of the Complaint.  Defendants deny that she worked in multiple locations during the pertinent time period and that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

29.     Defendants admit that Princess L. Heard is a current server at a Red Lobster restaurant located in Georgia.  Defendants deny that this Plaintiff is employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

30.     Defendants admit that Brad Henry worked as a bartender at a LongHorn Steakhouse restaurant located in Ohio during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

31.     Defendants deny that Cynthia Lambert Ice was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in

this paragraph, and therefore, deny those allegations.

32.     Defendants admit that David S. Juhasz worked as a server at a LongHorn Steakhouse restaurant located in Georgia during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

33.     Defendants admit that Jamie Kerr worked as a server at a LongHorn Steakhouse restaurant located in New Jersey during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

34.     Defendants admit that Brenda Lawson worked as a server at a Red Lobster restaurant located in Virginia during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

35.     Defendants admit that Lisa M. Long is a current server at a Bahama Breeze restaurant located in Florida.  Defendants further admit that Lisa M. Long previously worked at Red Lobster and Olive Garden restaurants located in Florida but deny that it was during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff is or was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

36.     Defendants admit that Amanda Mathis worked as a server at LongHorn

Steakhouse restaurants located in Florida and Georgia during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

37.     Defendants deny that Jennifer McDonald was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

38.     Defendants admit that Jonathan McDougal worked as a server at two Red Lobster restaurants located in Indiana during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

39.     Defendants admit that Samantha Medina worked at a Red Lobster restaurant located in New Jersey during the three years prior to the filing of the Complaint. Defendants deny that she was a server or that she was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

40.     Defendants admit that Crystal Miller worked as a server at an Olive Garden restaurant located in Florida for approximately two months during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

41.     Defendants admit that Faye Miller worked as a server at a Red Lobster restaurant

located in Florida during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

42.    Defendants admit that Rebeccah Moon worked as a server at two LongHorn Steakhouse restaurants located in South Carolina during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

43.    Defendants admit that Brigett L. Nichols worked as a server at a Red Lobster restaurant located in Michigan during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

44.    Defendants admit that Kimberly Palchick worked at a Red Lobster restaurant located in Illinois during the three years prior to the filing of the Complaint.  Defendants deny that she was a server or bartender and deny that she was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

45.    Defendants admit that Nikita Patrick worked at a Red Lobster restaurant located in Illinois during the three years prior to the filing of the Complaint.  Defendants deny was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

46.     Defendants admit that Jodie Pendley worked as a server at only one Olive Garden restaurant located in Florida during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

47.     Defendants admit that Alaine Peters worked as a server at an Olive Garden restaurant located in Alabama during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

48.     Defendants admit that Kathleen Phares worked as a server at two LongHorn Steakhouse restaurants located in Georgia during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

49.     Defendants admit that Rebecca Phillips is a current employee at an Olive Garden restaurant located in Pennsylvania.  Defendants deny that this Plaintiff is employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

50.     Defendants admit that Christina Polk worked as a server at a LongHorn Steakhouse restaurant located in Texas during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph,

and therefore, deny those allegations.

51.      Defendants admit that Ralph Ragsdale, Jr. worked as a server at an Olive Garden restaurant located in Ohio during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

52.      Defendants admit that Jeanine Redmon worked as a server at only one LongHorn Steakhouse restaurant located in Florida during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

53.      Defendants admit that Nakeysha Robertson is a current bartender at a LongHorn Steakhouse restaurant located in Kansas.  Defendants deny that this Plaintiff is employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

54.      Defendants admit that James Rogers worked at two LongHorn Steakhouse restaurants located in South Carolina during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

55.      Defendants admit that Sarina Unangst worked at a Red Lobster restaurant located in Ohio during the three years prior to the filing of the Complaint.  Defendants deny that she was a server or bartender and that she was employed "by the Defendants."  Defendants lack sufficient

information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

56.     Defendants admit that Natalie Vaccaro worked as a server at Olive Garden restaurants located in Nevada and Washington during the three years prior to the filing of the Complaint.  Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

57.     Defendants admit that Heath Vincent worked as a server at an Olive Garden restaurant located in Florida during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

58.     Defendants admit that Troy Vincent is a current employee at a Red Lobster restaurant located in Virginia.  Defendants deny that he is a server and that he is employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

59.     Defendants admit that Stasha White worked at a Red Lobster restaurant located in Georgia during the three years prior to the filing of the Complaint.  Defendants deny that she was a server and that was employed "by the Defendants."  Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

60.     Defendants admit that Mary Williams worked as a server at a Red Lobster restaurant located in Indiana during the three years prior to the filing of the Complaint.

Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

61.     Defendants deny that Antonio Wilson was employed "by the Defendants." Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

62.     Defendants admit that Reginia Yolton worked as a server at a Red Lobster restaurant located in Florida during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

63.     Defendants admit that Edward Zilkey worked as a bartender at a Red Lobster restaurant located in Arkansas during the three years prior to the filing of the Complaint. Defendants deny that this Plaintiff was employed "by the Defendants."   Defendants lack sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore, deny those allegations.

64.     Defendants admit the allegations contained in Paragraph 64 of the First Amended Complaint.

65.     Defendants admit the allegations contained in Paragraph 65 of the First Amended Complaint.

66.     Defendants admit the allegations contained in Paragraph 66 of the First Amended Complaint.

67.     Defendants admit that GMRI has subsidiaries that operate restaurants under the

trade names of Bahama Breeze, Olive Garden, Red Lobster, and Seasons 52 in the state of Florida. Defendants deny the remaining allegations contained in Paragraph 67 of the First Amended Complaint.

68. Defendants admit the allegations contained in Paragraph 68 of the First Amended Complaint.

69. Defendants admit the allegations contained in Paragraph 69 of the First Amended Complaint.

70. Defendants admit that RARE Hospitality International, Inc. is a corporation organized under the laws of the state of Georgia and that a subsidiary conducts business in Florida. Defendants deny the remaining allegations contained in Paragraph 70 of the First Amended Complaint.

71. Defendants admit that RARE Hospitality International, Inc. owns and operates restaurants under the trade name of LongHorn Steakhouse in some states and that its subsidiaries operate restaurants under the trade name of LongHorn Steakhouse in other states.

72. Defendants admit the allegations contained in Paragraph 72 of the First Amended Complaint.

73. Defendants admit that GMRI is a wholly-owned subsidiary of Darden Restaurants, Inc. and that RARE Hospitality International, Inc. is a wholly-owned subsidiary of GMRI. Defendants deny the remaining allegations contained in Paragraph 73 of the First Amended Complaint.

74. Defendants admit the allegations contained in Paragraph 74 of the First Amended Complaint.

75. Defendants admit the allegations contained in Paragraph 75 of the First Amended

Complaint.

76.   Defendants admit the allegations contained in Paragraph 76 of the First Amended Complaint.

77.   Defendants admit that GMRI is a wholly-owned subsidiary of Darden Restaurants, Inc., that RARE Hospitality International, Inc. is a wholly-owned subsidiary of GMRI., and that RARE Hospitality Management, Inc., is a wholly-owned subsidiary of  RARE Hospitality International, Inc.  Defendants deny the remaining allegations contained in Paragraph 77 of the First Amended Complaint.

78.    Defendants admit that N and D Restaurants, Inc. is a corporation organized under the laws of the state of Florida.  Defendants deny the remaining allegations contained in Paragraph 78 of the First Amended Complaint.

79.   Defendants admit that N and D Restaurants operates under the trade name Olive Garden in some states.

80.   Defendants admit the allegations contained in Paragraph 80 of the First Amended Complaint.

81.   Defendants admit that GMRI is a wholly-owned subsidiary of Darden Restaurants, Inc. and that N and D Restaurants, Inc. is a wholly-owned subsidiary of GMRI. Defendants deny the remaining allegations contained in Paragraph 81 of the First Amended Complaint.

82.   Defendants admit that Darden SW LLC is a limited liability company organized under the laws of the State of Florida.  Defendants deny the remaining allegations contained in Paragraph 81 of the First Amended Complaint.

83.   Defendants admit that Darden SW operates under the trade name Olive Garden in

one state.

84.     Defendants admit the allegations contained in Paragraph 84 of the First Amended Complaint.

85.     Defendants admit that GMRI is a wholly-owned subsidiary of Darden Restaurants, Inc. and that GMRI is the sole member and manager of Darden SW LLC. Defendants deny the remaining allegations contained in Paragraph 85 of the First Amended Complaint.

86.     Defendants admit the allegations contained in Paragraph 86 of the First Amended Complaint.

87.     Defendants admit the allegations contained in Paragraph 87 of the First Amended Complaint.

88.     Defendants admit the allegations contained in Paragraph 88 of the First Amended Complaint.

89.     Defendants admit that Defendants admit that GMRI is a wholly-owned subsidiary of Darden Restaurants, Inc. and that Florida SE, Inc. is a wholly-owned subsidiary of GMRI. Defendants deny the remaining allegations contained in Paragraph 89 of the First Amended Complaint.

90.     Defendants admit that Plaintiffs' collectively refer to GMRI, RARE International and RARE Management, N and D Restaurants, Darden SW and Florida SE a as "the Operator Defendants" within the First Amended Complaint, and for the sake of consistency – and without admitting that these entities operate any given restaurant location or are appropriately called "the Operator Defendants" – Defendants will similarly refer to these entities in their answer.

## JURISDICTION AND VENUE

17

91.     Defendants admit the allegations contained in Paragraph 91 of the First Amended Complaint.

92.     Defendants deny that each Defendant does business in this jurisdiction and further deny that they have engaged in any wrongful conduct alleged within the First Amended Complaint.

## FACTUAL ALLEGATIONS

93.     Defendants do not admit or deny the allegations in Paragraph 93 of the First Amended Complaint as said allegations are statements or conclusions of law to which no responsive pleading is required.   To the extent that Paragraph 93 contains factual allegations, Defendants deny the same.

94.     Defendants deny the allegations contained in Paragraph 94 of the First Amended Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the First Amended Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the First Amended Complaint.

97.     Defendants admit that Darden is a for-profit company that derives revenue by conducting business in the restaurant industry, among other means. 98.    Defendants deny the allegations contained in Paragraph 98 of the First Amended Complaint.

99.     Defendants deny that Darden Restaurants, Inc. directly owns and operates any restaurants and therefore deny the allegations contained in Paragraph 99 of the First Amended Complaint.  In addition, franchises are operated in Puerto Rico.

100.    Defendants admit that Darden, RARE Management, RARE International, GMRI,

Florida SE, N and D Restaurants, and Darden SW occupy the same principal place of business at 1000 Darden Center Drive, Orlando, Florida.

101.    Defendants admit the allegations contained in Paragraph 97 of the First Amended Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the First Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the First Amended Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the First Amended Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the First Amended Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the First Amended Complaint.

107.    Defendants admit that the Restaurants referred to in the First Amended Complaint operate under a particular brand name.  Defendants deny the remaining allegations contained in Paragraph 107 of the First Amended Complaint.

108.    Defendants admit that Darden Concepts, Inc. maintains the websites for Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52.  Defendants deny the remaining allegations contained in Paragraph 108 of the First Amended Complaint.

109.    Defendants admit that job application forms are used for each of the restaurants, but denies that the forms are or have been identical through then entirety of the limitations period.

110.    Defendants deny the allegations contained in Paragraph 110 of the First Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the First Amended Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the First Amended Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the First Amended Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the First Amended Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the First Amended Complaint.

116.    Defendants admit that the restaurants (as defined in the First Amended Complaint) adhere to the core values set forth in a code of business conduct.  Defendants deny the remaining allegations contained in Paragraph 115 of the First Amended Complaint.

117.    Defendants admit that all individuals working at Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52 can call the same toll-free hotline number to address any concerns they may have regarding their employment.  Defendants deny the remaining allegations contained in Paragraph 117 of the First Amended Complaint.

118.    Defendants admit the allegations contained in Paragraph 118 of the First Amended Complaint but deny that DiSH is appropriately characterized as a "website."

119.    Defendants deny the allegations contained in Paragraph 119 of the First Amended Complaint.

120.     Defendants deny the allegations contained in Paragraph 120 of the First Amended Complaint.

121.     Defendants deny the allegations contained in Paragraph 121 of the First Amended Complaint.

122.     Defendants admit that the restaurant brands referenced in the First Amended Complaint employ the Darden Application for Service & Hospitality or DASH.   Defendants further admit that the DASH system allows employees to punch in and out for their shifts, as well as place customers' food and beverage orders.   Defendants deny the remaining allegations contained in Paragraph 122 of the First Amended Complaint.

123.     Defendants admit that some version of DASH is used in all of the restaurant locations of the brands identified in the First Amended Complaint.

124.     Defendants deny the allegations contained in Paragraph 124 of the First Amended Complaint.

125.     Defendants deny the allegations contained in Paragraph 125 of the First Amended Complaint.

126.     Defendants deny the allegations contained in Paragraph 126 of the First Amended Complaint.

127.     Defendants admit that managers of the restaurant brands referenced in the First Amended Complaint are responsible for aspects of the day-to-day operation of their respective restaurant.   Defendants deny the remaining allegations contained in Paragraph 127 of the First Amended Complaint.

128.     Defendants deny the allegations contained in Paragraph 128 of the First Amended Complaint.

129.    Defendants admit that managers of the restaurant brands referenced in the First Amended Complaint are responsible for knowing, understanding and complying with all of the federal and state labor and employment laws applicable to their restaurant.  Defendants deny the remaining allegations contained in Paragraph 129 of the First Amended Complaint.

130.    Defendants admit that manager compensation is linked to overall success as a manager at a given restaurant location, and that the financial viability of the restaurant is a factor considered in determining compensation.   To the extent not admitted, all other allegations contained in Paragraph 130 of the First Amended Complaint are denied

131.    Defendants deny the allegations contained in Paragraph 131 of the First Amended Complaint.

132.    Defendants admit that managers of the restaurant brands referenced in the First Amended Complaint can edit and adjust the work hours recorded for employees in DASH when necessary to reflect the actual time worked.   Defendants deny the remaining allegations contained in Paragraph 132 of the First Amended Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the First Amended Complaint.

134.    Defendants admit that employees are expected to timely arrive for the beginning of their scheduled shifts.  Defendants deny the allegations contained in Paragraph 134 of the First Amended Complaint.

135.    Defendants admit that employees must clock in within a time frame that corresponds with the start of their scheduled shifts, and that if they do not, they must be clocked in by a manager, who will clock them in for the precise time that they started working. Defendants deny the remaining allegations contained in Paragraph 135 of the First Amended

Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the First Amended Complaint.

137.    Defendants admit that managers of the restaurant brands referenced in the First Amended Complaint could access a computer report at the end of a given shift that detailed when an employee clocked in or out of his or her shift.  Defendants deny the remaining allegations contained in Paragraph 137 of the First Amended Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the First Amended Complaint.

139.    Defendants admit that certain of GMRI's tipped employees were paid pursuant to the tip-credit provisions of the FLSA.  Defendants deny the remaining allegations contained in Paragraph 139 of the First Amended Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the First Amended Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the First Amended Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the First Amended Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of the First Amended Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of the First Amended Complaint.

145.    Defendants admit the allegations contained in Paragraph 145 of the First

Amended Complaint.

146.    Defendants admit the allegations contained in Paragraph 146 of the First Amended Complaint.

147.    Defendants do not admit or deny the allegations in Paragraph 147 of the First Amended Complaint as said allegations are statements or conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in this paragraph.  Defendants further deny that any amount is owed to Plaintiffs.

148.    Defendants admit that some individuals who have worked at some restaurant locations  have filed other lawsuits.  Defendants deny that those lawsuits have merit and deny the remaining allegations contained in Paragraph 148 of the First Amended Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the First Amended Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the First Amended Complaint

151.    Defendants admit that such a lawsuit was filed and that it relates to employees who work at The Capital Grille.   Defendants deny that the lawsuit has any merit and deny the remaining allegations contained in Paragraph 151 of the First Amended Complaint.

152.    Defendants admit that such a lawsuit was filed and that it relates to employees who work at LongHorn Steakhouse.   Defendants deny that the lawsuit has any merit and deny the remaining allegations contained in Paragraph 152 of the First Amended Complaint.

153.    Defendants admit that such a lawsuit was filed and that it relates to employees who work at The Capital Grille.   Defendants deny that the lawsuit has any merit and deny the

remaining allegations contained in Paragraph 153 of the First Amended Complaint.

154.    Defendants admit that such a lawsuit was filed and that it relates to employees who work at The Capital Grille.   Defendants deny that the lawsuit has any merit and deny the remaining allegations contained in Paragraph 154 of the First Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

155.    Defendants admit that Plaintiffs purport to bring this claim on behalf of a class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b).  Defendants deny that this lawsuit is properly subject to treatment as a collective action pursuant to 29 U.S.C. §216(b) and further deny the remaining allegations contained in Paragraph 155 of the First Amended Complaint

156.    Defendants do not admit or deny the allegations in Paragraph 156 of the First Amended Complaint as said allegations are statements or conclusions of law to which no responsive pleading is required.   To the extent that Paragraph 156 contains factual allegations, Defendants deny the same.

157.    Defendants deny the allegations contained in Paragraph 157 of the First Amended Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the First Amended Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the First Amended Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the First Amended Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the First Amended

Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the First Amended

Complaint.


**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID WAGES**
**(On Behalf of Plaintiffs and the Class)**

163.    Defendants reaffirm and reallege their answers to Paragraphs 1 through 162 above

as if they were fully set forth herein.

164.    Defendants deny the allegations contained in Paragraph 164 of the First Amended

Complaint.

165.    Defendants deny the allegations contained in Paragraph 165 of the First Amended

Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the First Amended

Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the First Amended

Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of the First Amended

Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of the First Amended

Complaint.


**SECOND CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME**
**(On Behalf of Plaintiffs and the Class)**

170.    Defendants reaffirm and reallege their answers to Paragraphs 1 through 169 above

as if they were fully set forth herein.

171.     Defendants deny the allegations contained in Paragraph 171 of the First Amended Complaint.

172.     Defendants deny the allegations contained in Paragraph 172 of the First Amended Complaint.

173.     Defendants deny the allegations contained in Paragraph 173 of the First Amended Complaint.

174.     Defendants deny the allegations contained in Paragraph 174 of the First Amended Complaint.

175.     Defendants deny the allegations contained in Paragraph 175 of the First Amended Complaint.

176.     Defendants deny the allegations contained in Paragraph 176 of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE
### (On Behalf of Plaintiffs and the Class)

177.     Defendants reaffirm and reallege their answers to Paragraphs 1 through 176 above as if they were fully set forth herein.

178.     Defendants admit that certain of GMRI's tipped employees were paid pursuant to the tip-credit provisions of the FLSA.  Defendants deny the remaining allegations contained in Paragraph 178 of the First Amended Complaint.

179.     Defendants deny the allegations contained in Paragraph 179 of the First Amended Complaint.

180.     Defendants deny the allegations contained in Paragraph 180 of the First Amended

Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of the First Amended Complaint.

182.    Defendants deny the allegations contained in Paragraph 182 of the First Amended Complaint.

183.    Defendants deny the allegations contained in Paragraph 183 of the First Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## JURY TRIAL DEMAND

Defendants admit that Plaintiffs demand a trial by jury on all issues triable as a right by jury.  Defendants deny that there are any employees similarly situated to Plaintiffs who are entitled to participate in this action.


## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.  These defenses may also apply to the claims of some or all of the class of allegedly similarly situated persons.

1.    Darden Restaurants, Inc., RARE Hospitality International, Inc., RARE Hospitality Management, Inc., N and D Restaurants, Inc., Darden SW LLC, and Florida SE, Inc. are not proper defendants in this action, as they were not the "employer" of Plaintiffs' within the scope of the FLSA.

2.      Plaintiffs' allegation that the First Amended Complaint is appropriate for certification as a collective action pursuant to 29 U.S.C. § 216(b) is without basis and should be stricken because there are no "similarly situated individuals."

3.      Plaintiffs' collective allegations must be dismissed, and certification and notice under 29 U.S.C. 216(b) must be denied, because an independent and individual analysis of each putative class member's claims and each of the stated defenses to such claims is required.

4.      To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

5.      Defendants, at all times, acted in good faith to comply with the FLSA, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and so Defendants assert good faith as a defense to any claim by Plaintiffs for liquidated damages and statutory penalties.

6.      Defendants, at all times, acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Complaint, and so Plaintiffs cannot establish a willful violation under Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

7.      Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because any actions taken in connection with Plaintiffs' compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

8.      Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

9.      Plaintiff's claims are barred to the extent that Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages.

10.     If Plaintiffs succeed in establishing any violation under the FLSA, and to the extent any sums are found due and owing to Plaintiffs, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

11.     Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the Fair Labor Standards Act.

12.     The Complaint fails to state a claim upon which prejudgment interest may be granted.

13.     Even if Defendants owed Plaintiffs or the purported class any unpaid wages or overtime, such wages or overtime are offset by any paid meal period and/or some of the other paid break time provided to Plaintiffs, during which time Plaintiffs performed no work.

14.     Plaintiffs and the purported class are precluded from recovery to the extent that they have already been compensated for hours worked.

15.     Even if Plaintiffs and any putative class members they seek to represent allege

facts constituting compensable activity, those activities are *de minimis* in nature such that compensation is not required under the Fair Labor Standards Act as amended by the Portal-to-Portal Act; therefore, Plaintiffs' claims must fail.

16.     If Plaintiffs seek to adjudicate the claims of the Plaintiffs, putative class members, and anyone else who opts-in to this lawsuit through purported generalized class wide proof, this would violate Defendants' rights to trial by jury and due process guaranteed by the United States Constitution.  Defendants are entitled to individualized determinations of each opt-ins' eligibility for overtime pay, as well as an individualized determination of the amount of overtime owed if eligibility for overtime pay is established.  *See Wal-Mart Stores v. Dukes, et al.*, 131 S. Ct. 2541 (2011).  Accordingly, this case cannot be tried collectively or on any type of representational basis.

17.     Plaintiffs' damages claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities, and are barred to the extent that they rely on disputed time that is not compensable.

18.     Plaintiffs, or anyone else who joins this lawsuit, who filed claims for bankruptcy and failed to list an overtime claim against Defendants as a potential asset in their bankruptcy filings are barred from pursuing their overtime claims for lack of standing, or under the doctrines of judicial estoppel and/or unclean hands.

         *                  *                  *

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims

against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

Respectfully submitted,

By: s/Aaron Reed
    Patrick G. DeBlasio, III
    Aaron J. Reed
    LITTLER MENDELSON, P.C.
    One Biscayne Tower
    Suite #1500
    Two South Biscayne Boulevard
    Miami, FL  33131.1804
    Telephone:   305.400.7500
    Facsimile:   305.603.2552

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd of December 2012, I electronically filed a copy of the foregoing ***DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT*** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.


 _s/Aaron Reed_____
 Aaron Reed

33

<u>**SERVICE LIST**</u>

**AMANDA MATHIS, *ET AL*. V. DARDEN RESTAURANTS, INC., *ET AL*.
CASE NO.:  12-CV-61742**


David H. Lichter
DLichter@HLGLawyers.com
HIGER LICHTER & GIVNER
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Tel: (305) 356-7555
Fax: (305) 933-0998
*Served via CM/ECF*

Ted E. Trief, Esq.
ttrief@triefandolk.com
Matthew Wojtkowiak
MWojtkowiak@triefandolk.com
TRIEF & OLK
150 E 58th Street, 34th Floor
New York, New York 10155
Tel.: (212) 486-6060
Fax: (212) 317-2946
*Served via CM/ECF*

Peter S. Pearlman, Esq.
psp@njlawfirm.com
Alex Pisarevsky
AP@njlawfirm.com
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 Plaza West One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Tel.: (201) 845-9600
*Served via CM/ECF*
Fax: (201) 845-9423


Firmwide:116646937.1 069299.1040