UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61742-CIV-ROSENBAUM/SELTZER

AMANDA MATHIS, *et al.*,

    Plaintiffs,

vs.

DARDEN RESTAURANTS, INC., *et al.*,

    Defendants.
_____/

## ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS DATED MARCH 1, 2013, AND MARCH 11, 2013

This matter is before the Court on Plaintiffs' Objections to the Magistrate Judge's Orders Dated March 1, 2013, and March 11, 2013, Concerning Plaintiffs' Requests for Electronic Document Production and Rule 30(b)(6) Depositions [D.E. 140]. Plaintiffs challenge the following rulings of the Honorable Barry S. Seltzer: (1) the scope of Plaintiffs' Rule 30(b)(6), Fed. R. Civ. P., depositions authorized by Judge Seltzer in his March 1, 2013, Order [D.E. 118]; (2) Judge Seltzer's denial of Plaintiffs' motion to compel the production of certain electronically stored information ("ESI") from additional custodians and to apply Plaintiffs' suggested search terms to the ESI files of such additional custodians, *see* D.E. 128, and (3) Judge Seltzer's March 1, 2013, Order [D.E. 117] granting Defendants' motion to compel Plaintiffs to provide individual responses to Defendants' first document requests.

The Court has carefully reviewed Judge Seltzer's Orders, the parties' filings, and the record in this matter and is otherwise duly advised in the premises. For the reasons set forth below, the

Court now overrules Plaintiffs' Objections [D.E. 140].

The Court enjoys discretion over the control of discovery in a civil case. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citation omitted). Under 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court."[1] This includes non-dispositive discovery issues. *Id.*; *see also* S.D. Fla. L. Mag. J. R. 1(c). If a party timely objects to the magistrate judge's ruling, the district judge must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); S.D. Fla. L. Mag. J. R. 4(a)(1).

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). To satisfy this standard, a court must conclude that, although enough evidence to support a finding may exist, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation and internal quotation marks omitted). It is not enough, alone, that the reviewing court would have decided the matter differently. *See Holton*, 425 F.3d at 1351. As for the contrary-to-law standard, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tolz v. Geico Gen. Ins. Co.*, 2010 WL 184745, *2 (S.D. Fla. Jan. 27, 2010) (citation omitted). With these standards in mind, the Court now turns to Plaintiffs' objections.

**1. The Scope of Plaintiffs' Rule 30(b)(6), Fed. R. Civ. P., Depositions Authorized by Judge Seltzer in his March 1, 2013, Order [D.E. 118]**

In this Order, Judge Seltzer limited the scope of Plaintiffs' 30(b)(6), Fed. R. Civ. P., depositions to a list of eleven topics. Plaintiffs argue that these limitations prejudice their ability to

---

[1]The statute contains certain exceptions that are inapplicable here.

prove that the putative class members are similarly situated.

The Court respectfully disagrees and notes that these limitations are not clearly erroneous or contrary to law. The topics listed cover a wide range of company procedures and should give Plaintiffs the ability to determine whether the different restaurant brands owned by Defendant Darden Restaurants, Inc., employ similar policies. Moreover, although Plaintiffs maintain that some of the excluded topics are relevant to the issue of enterprise liability under the Fair Labor Standards Act ("FLSA"), Defendants agreed to not oppose class certification on the grounds that some Defendants may not be covered entities under the FLSA. *See* D.E. 126 at 113. Finally, the Court agrees with Judge Seltzer that various findings of the Department of Labor on Defendants' tipped employees appear more relevant to damages than class certification. *See* D.E. 126 at 18. Thus, the Court declines to overturn this ruling.

**2. Judge Seltzer's Denial of Plaintiffs' Motion to Compel the Production of Certain ESI from Additional Custodians and to Apply Plaintiffs' Suggested Search Terms to the ESI files of Such Additional Custodians**

In a separate Order, Judge Seltzer denied in part Plaintiffs' request for a broad range of electronically stored information regarding Defendants' middle and upper management. *See* D.E. 128. In particular, Judge Seltzer limited Plaintiffs to applying certain search terms to 34 data sets designated by Defendants. *See id.* Plaintiffs object to this ruling, contending that it denies them access to potentially responsive documents and emails and that Defendants failed to show that complying with Plaintiffs' request would have been unduly burdensome. In particular, Plaintiffs criticize the analysis Defendants performed to estimate the number of files that would be produced in response to Plaintiffs' request. While Defendants could have chosen a different or more exact methodology, the Court cannot conclude that the estimates they used were contrary to law or that,

under the circumstances, it was not appropriate to engage in an estimating methodology. The Court therefore finds no clear error in Judge Seltzer's decision to narrow Plaintiffs' request.

**3. Judge Seltzer's March 1, 2013, Order [D.E. 117] Granting Defendants' Motion to Compel Plaintiffs to Provide Individual Responses to Defendants' First Document Requests.**

After Plaintiffs filed a joint response to Defendants' first document requests, Judge Seltzer ordered Plaintiffs to submit individual responses. *See* D.E. 117. Plaintiffs assert that the responses are identical and it would be "absurd" to require separate but identical pleadings. However, when Judge Seltzer held oral arguments on this matter, counsel for Plaintiffs stated, "If Your Honor wants us to serve individual responses on behalf of each of the plaintiffs, we will serve individual responses on behalf of each of the plaintiffs." D.E. 126 at 29. Accordingly, Judge Seltzer's decision to order a response format agreed to by Plaintiffs was not erroneous, let alone clearly erroneous.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiffs' Objections to the Magistrate Judge's Orders Dated March 1, 2013, and March 11, 2013, Concerning Plaintiffs' Requests for Electronic Document Production and Rule 30(b)(6) Depositions [D.E. 140] are **OVERRULED.**

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 10th day of April 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATED DISTRICT JUDGE

Copies to:

Counsel of record