# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 12-61742-CIV-ROSENBAUM/SELTZER

NICOLE ALEQUIN, *et al.*,

      Plaintiffs,

v.

DARDEN RESTAURANTS, INC., *et al.*,

      Defendants.

)
)
)
)
)
)
)
)
)

## DECLARATION OF JOHN YBARRA IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED MODIFIED NOTICE-AND-CONSENT FORM

I, John Ybarra, declare as follows:

1.     I am a shareholder in the Chicago office of Littler Mendelson, P.C., counsel for Defendants in the above-captioned matter.

2.     On July 23, 2013, Defendants sent Plaintiffs, by and through their respective counsel, their suggestions for the content and format of the revised notice-and-consent form. A true and correct copy of this correspondence is attached as **Exhibit A**. This proposed form is consistent with the Court's July 12, 2013 Order Granting in Part and Denying in Part Plaintiffs' Motion for Conditional Certification, and Granting in Part and Denying in Part Plaintiffs' Motion to Invalidate (Dkt. No. 211).

3.     Later that same day, Plaintiffs sent Defendants their own proposed form and stated their intention to ask the Court to order the production of putative class member e-mail addresses and that Defendants post the approved notice-and-consent form on Darden's DiSH

network.  A true and correct copy of this correspondence is attached as **Exhibit B**.

4.      In response, Defendants wrote to Plaintiffs outlining certain issues with their revised form.  Defendants also explained why they believed Plaintiffs' renewed requests for e-mail addresses and DiSH posting were improper.  A true and correct copy of this correspondence is attached as **Exhibit C**.

5.      Although Plaintiffs' subsequently agreed to revise the notice-and-consent form to address the second and third issues identified by Defendants, they refused to remove the Court heading and revise the consent form to comport those approved in *Bennett* and *Bell*.  They also, for the first time on July 26, 2013, requested that Defendants' agree to the inclusion of a "legend" on the outside of any envelope mailed to a putative class member stating, "Notice of Pendency of Collective Action Lawsuit Against Darden Restaurants."  A true and correct copy of Plaintiffs' correspondence is attached as **Exhibit D**.  When the parties did not reach an agreement on these remaining issues, including the requests for e-mail addresses and DiSH posting, Plaintiffs filed their Notice.

6.      Also on July 26, 2013, and pursuant to the Court's July 12, 2013 order, Defendants provided Plaintiffs with the names and current/last known mailing addresses of the more than 216,000 putative class members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of _____ July _____, 2013

John Ybarra

**EXHIBIT A**

**From:** Ybarra, John A.
**Sent:** Tuesday, July 23, 2013 8:51 AM
**To:** 'dlichter@hlglawyers.com'; 'psp@njlawfirm.com'; 'ttrief@triefandolk.com'; 'bolk@triefandolk.com';
'mwojtkowiak@triefandolk.com'
**Subject:** REvised Notice and Consent Form

Dear Counsel,

We have not yet seen a draft of the revised notice you are required to submit by July 26.  Accordingly, and to determine whether there is any disagreement regarding the revisions to be made, we prepared the attached draft revised notice.  The changes from the original are shown in track changes.  We believe this is consistent with what the judge wrote in her order and referenced from the Bennett and Bell cases.  Please let us know if this form is acceptable to you, and if not, provide a draft of the revised notice you are planning to submit.

**John Ybarra, Attorney At Law**
312.795.3207 direct   312.343.5488 mobile   312.372.7880 fax   jybarra@littler.com
321 North Clark Street, Suite 1000 | Chicago, IL 60654

# Littler   | littler.com
Employment & Labor Law Solutions Worldwide

1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 12-61742-CIV-ROSENBAUM/SELTZER

NICOLE ALEQUIN, TESHIURE AMOS, FELICIA
ANDREWS, ALISON ASA, MATTHEW BOGART,
BELINDA LACEY BROWN, ELISA BYRNE,
SHARON CANTEEN, CHRISTINA CARDENAS,
RAYLENE    CARLSON,    JACLYN    CIRILLO,
STEPHEN DONETH, LASHAWN EDMONDS,
AMANDA EMERSON, LISA FOSTER, MARY
GILLESPIE, PENNY GREEN, TIFFANY GREEN,
DARLENE HAMILTON, PRINCESS L. HEARD,
BRAD HENRY, CYNTHIA LAMBERT ICE,
DAVID S. JUHASZ, JAMIE KERR, BRENDA
LAWSON, LISA M. LONG, AMANDA MATHIS,
JENNIFER     McDONALD,     JONATHAN
McDOUGAL, SAMANTHA MEDINA, CRYSTAL
MILLER, FAYE MILLER, REBECCAH MOON,
BRIGETT L. NICHOLS, KIMBERLY PALCHICK,
NIKITA PATRICK, JODIE PENDLEY, ALAINE
PETPERS, KATHLEEN PHARES, REBECCA
PHILLIPS,    CHRISTINA    POLK,    RALPH
RAGSDALE,    JR.,    JEANINE    REDMON,
NAKEYSHA ROBERTSON, JAMES ROGERS,
SARINA  .UNANGST, NATALIE  VACCARO,
HEATH VINCENT, TROY VINCENT, STASHA
WHITE, MARY WILLIAMS, ANTONIO WILSON,
REGINA YOLTON, and EDWARD ZILKEY,

       Plaintiffs,

       -- against --

DARDEN RESTAURANTS, INC., GMRI, INC.,
RARE HOSPITALITY INTERNATIONAL, INC.,
RARE HOSPITALITY MANAGEMENT, INC., N
and D RESTAURANTS, INC., DARDEN SW LLC,
and FLORIDA SE, INC.,

       Defendants.

_____/

*This is a court-authorized notice.*
*This is not a solicitation from a lawyer.*
*The Court Has Made No Finding as to the Merits of the Case at this Time.*

**IF YOU WERE A SERVER OR BARTENDER AT ANY BAHAMA BREEZE, LONGHORN STEAKHOUSE, OLIVE GARDEN, RED LOBSTER, OR SEASONS 52 RESTAURANT BETWEEN SEPTEMBER 6, 2009 AND SEPTEMBER 6, 2012, PLEASE READ THIS NOTICE.**

**EVEN IF YOU HAVE RECEIVED A CHECK FOR BACK WAGES OR HAVE SIGNED AN EMPLOYEE ACKNOWLEDGMENT FORM STATING THAT YOU HAVE BEEN PAID ALL WAGES FOR ALL HOURS WORKED, YOU ARE STILL ELIGIBLE TO JOIN THIS LAWSUIT.**

**A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR LEGAL RIGHTS.**

The purpose of this Notice is to advise you of a lawsuit that has been filed against DARDEN RESTAURANTS, INC., GMRI, INC., RARE HOSPITALITY INTERNATIONAL, INC., RARE HOSPITALITY MANAGEMENT, INC., N and D RESTAURANTS, INC., DARDEN SW LLC, and FLORIDA SE, INC., and to advise you of your legal rights in connection with that suit.

• Current and former servers and bartenders have sued Darden Restaurants, Inc., GMRI, Inc., Rare Hospitality International, Inc., Rare Hospitality Management, Inc., N and D Restaurants, Inc., Darden SW LLC, and Florida SE, Inc. in federal court in Fort Lauderdale, Florida alleging that Defendants violated the Fair Labor Standards Act by requiring servers and bartenders to perform substantial cleaning and preparation duties for the "tip credit" minimum wage, by requiring plaintiffs to work off the clock, before, after, and during their regularly scheduled shifts, and by failing to pay servers and bartenders overtime pay - at a rate 1.5 times their regular hourly rate - for hours worked in excess of 40 per workweek.  The case name is *Alequin, et al. v. Darden Restaurants, Inc. et al.*, Case No.: 12-61742-CIV-ROSENBAUM/SELZTER.

• The Court has permitted the Plaintiffs to send Notice to all similarly situated current and former servers and bartenders that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

• The Court has not yet decided whether Defendants have done anything wrong. There is no money available now and no guarantees that there will be. However, you have a choice to assert your legal rights in this case.

2

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this case, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this lawsuit, but you give up your right to separately sue the Defendants for the same legal claims brought in this lawsuit. If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. If you wish to be included, you must complete the form at the end of this Notice. By joining this lawsuit, you may be required to participate in discovery and a trial. |
| **DO NOTHING** | By doing nothing, you will not be included in this lawsuit, you will not be bound by the outcome of this lawsuit, and you retain your legal rights to bring your own lawsuit. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. The limitations period on your claim continues to run. Each day that you do not take action to protect your claims, they may diminish. |

- Your options are explained in this notice. To opt-in, you must complete the Opt-In Consent Form and forward it to the attorneys designated on the notice on or before INSERT DATE THAT IS 90 DAYS AFTER COURT APPROVAL OF NOTICE AND CONSENT FORM.

**This notice contains information that affects your rights. Please read it carefully.**

**1. Why did I get this notice?**
You are getting this notice because the Defendants' records show that you work or worked at a Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, or Seasons 52 restaurant in the United States as a server or bartender at some point from September 6, 2009 to September 6, 2012.

**2. What damages is the lawsuit seeking?**
The lawsuit is seeking to recover unpaid minimum wage, overtime pay, and "liquidated damages," which doubles the amount of wages owed. The lawsuit is also seeking recovery of costs and attorneys' fees.

**3. Can my current employer retaliate or fire me if I join the lawsuit?**
No. It is a violation of federal law for the Defendants or any other employer to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.

**4. Can I participate in this lawsuit even though, due to my immigration status, I did not work or am not working at the Defendants' Restaurants legally?**
Yes. Your immigration status does not affect your entitlement to recover wages or to participate in this lawsuit.

**5. How do I ask the Court to include me in the case?**
It is entirely your decision whether or not to join this lawsuit. This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the Court.

Enclosed is a form called "Consent To Join Collective Action" form. **If you wish to participate in this lawsuit, you must sign and return the enclosed** "Consent To Join Collective Action" form. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Plaintiff Consent Form must be sent to any of the following addresses:

Trief & Olk
150 East 58th Street
34th Floor
New York, NY 10155
Phone: (212) 486-6060

Higer Lichter & Givner LLP
Bank of America Building
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Phone: (305) 933-9970

Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Phone: (201) 845-9600.

**6. Do I have a lawyer in this case?**
The Plaintiffs in this lawsuit are currently represented by the following three law firms:

Trief & Olk
150 East 58th Street
34th Floor
New York, NY 10155
Phone: (212) 486-6060

Higer Lichter & Givner LLP
Bank of America Building
18305 Biscayne Blvd., Suite 302

Aventura, FL 33160
Phone: (305) 933-9970

Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Phone: (201) 845-9600.

If you wish, you may choose to be represented by Plaintiffs' counsel in this case. You will not be required to pay any fee for services provided by Trief & Olk, Higer Lichter & Givner LLP, and Cohn Lifland Pearlman Herrmann & Knopf LLP.

However, you also have the right to consult with an attorney of your own choosing about this matter, and if you wish to be represented by counsel other than Plaintiffs' counsel, you may retain another attorney. You will be responsible for paying that attorney and that attorney must notify the Court of their representation.

**7. How will the lawyers be paid?**
Plaintiffs' counsel are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorneys' fees. If there is a recovery, plaintiffs' attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the Class. Plaintiffs' attorneys may also apply to the Court to request that the Defendants pay fees to plaintiffs' attorneys. The Court will determine the adequacy and appropriateness of plaintiffs' attorneys' fees.

**8. This notice has been authorized by the Court.**
This notice and its contents have been authorized by District Court Judge Robin S. Rosenbaum of the U.S. District Court, Southern District of Florida. The Court has not yet ruled on whether Plaintiffs' claims or Defendants' defenses have any merit.

## CONSENT TO JOIN COLLECTIVE ACTION

*Nicole Alequin, et al. v. Darden Restaurants, Inc., et al.*
Case No. 12-61742-CIV-ROSENBAUM/SELTZER

**Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b):**

1.    I consent and agree to pursue claims arising out of my employment as a server and/or bartender at Bahama Breeze, LongHorn Steakhouse, Olive Garden, Red Lobster, and/or Seasons 52 in connection with the above-referenced lawsuit.

2.    I work/worked in the position(s) of _____ (server, bartender, or both) at _____ (Bahama Breeze, LongHorn Steakhouse, Olive Garden, Red Lobster, Seasons 52) from on or about _____ (month, year) to on or about _____ (month, year).

3.    I allege that on at least one occasion between September 6, 2009 and September 9, 2012 (check all that apply):

   a.  I was required to work off the clock before, during, or after my regularly scheduled shift: _____

   b.  I was not paid overtime of 1.5 times my regular rate of pay for hours worked in excess of 40 hours per workweek: _____

   c.  As a tipped employee, I was paid less than the full minimum wage because a tip credit was taken against my hourly rate of pay **and** while paid this reduced hourly rate I performed substantial cleaning and preparation duties: _____.

4.    I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

5.    I hereby designate the following law firms to represent me for all purposes in this action: Trief & Olk, 150 East 58th Street, 34th Floor, New York, NY 10155; Higer Lichter & Givner LLP, Bank of America Building, 18305 Biscayne Blvd., Suite 302, Aventura, FL 33160; and Cohn Lifland Pearlman Herrmann & Knopf LLP, Park 80 West – Plaza One, 250 Pehle Avenue, Suite 401, Saddle Brook, NJ 07663.

6.      I also designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting the litigation, entering into settlement agreements, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____          _____
Signature                                                          Date Signed

_____
Print Name

## **NOTE**

Statute of limitations concerns mandate that you return this form as soon as possible to preserve your rights, no later than INSERT DATE THAT IS 90 DAYS AFTER COURT APPROVAL OF NOTICE AND CONSENT FORM.

Firmwide:121891223.1 069299.1040

**EXHIBIT B**

TRIEF & OLK

ATTORNEYS AT LAW

150 EAST 58TH STREET

34TH FLOOR

NEW YORK, NEW YORK 10155

———

FACSIMILE: (212) 317-2946                         TELEPHONE: (212) 486-6060

E-MAIL: FIRM@TRIEFANDOLK.COM

NEW JERSEY OFFICE

9 KANSAS STREET

HACKENSACK, NEW JERSEY 07601

(201) 343-5770

July 23, 2013

**VIA EMAIL**

John A. Ybarra, Esq.
Littler Mendelson
321 North Clark Street
Suite 1000
Chicago, Illinois 60654

Re:   *Aleguin, et al. v. Darden Restaurants, Inc. et al.*

Dear Counsel,

Enclosed herewith is Plaintiffs' revised notice form.  Although not required by the July 12 Order, we are sending you an advance copy of the notice we intend to send to the Court in case you are willing to consent to the form of the notice or wish to propose any edits that the court has not previously ruled upon.  Please let us know of your consent or of any edits before close of business on July 24.

Additionally, please let us know, by close of business on July 24, whether you are including email addresses in the information you are providing to us.  If you are not currently intending to provide those addresses, let us know if you will agree to the following additional notice measures, which Plaintiffs intend to seek from the Court:

1. Disclosure of email addresses for each class member along with the physical addresses provided to Plaintiffs; and

2. Provision of notice to class members using Darden's DiSH network.

Plaintiffs believe that these measures are practical, efficient, and appropriate measures to convey notice.  Further, given the transient nature of Defendants' labor force, Plaintiffs believe that these additional measures are needed.

Finally, in advance of Defendants' July 26 deadline to provide address information to Plaintiffs, please provide the intended electronic format in which you intend to produce the address information to Plaintiffs.  We would like to ensure that the information provided will be

John A. Ybarra, Esq.
July 23, 2013
Page 2


usable by our notice vendor.


                                        Very truly yours,

                                        *Barbara Olk/ly*

                                        Barbara Olk
                                        Of Counsel

cc:     Aaron Crews, Esq.
        Patrick G. DeBlasio, Esq.
        Michael Lehet, Esq.
        Amy S. Ramsey, Esq.
        Niloy Ray, Esq.
        Aaron J. Reed, Esq.
        Jessica Travers, Esq.

        David Lichter, Esq.
        Barbara Olk, Esq.
        Peter Pearlman, Esq.
        Mark Stein, Esq.
        Ted Trief, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 12-61742-CIV-ROSENBAUM/SELZTER

NICOLE ALEQUIN, TESHIURE AMOS, FELICIA
ANDREWS, ALISON ASA, MATTHEW BOGART,
BELINDA LACEY BROWN, ELISA BYRNE, SHARON
CANTEEN, CHRISTINA CARDENAS, RAYLENE
CARLSON, JACLYN CIRILLO, STEPHEN DONETH,
LASHAWN EDMONDS, AMANDA EMERSON, LISA
FOSTER, MARY GILLESPIE, PENNY GREEN, TIFFANY
GREEN, DARLENE HAMILTON, PRINCESS L. HEARD,
BRAD HENRY, CYNTHIA LAMBERT ICE, DAVID S.
JUHASZ, JAMIE KERR, BRENDA LAWSON, LISA M.
LONG, AMANDA MATHIS, JENNIFER McDONALD,
JONATHAN McDOUGAL, SAMANTHA MEDINA,
CRYSTAL MILLER, FAYE MILLER, REBECCAH MOON,
BRIGETT L. NICHOLS, KIMBERLY PALCHICK, NIKITA
PATRICK, JODIE PENDLEY, ALAINE PETERS,
KATHLEEN PHARES, REBECCA PHILLIPS, CHRISTINA
POLK, RALPH RAGSDALE, JR., JEANINE REDMON,
NAKEYSHA ROBERTSON, JAMES ROGERS, SARINA
UNANGST, NATALIE VACCARO, HEATH VINCENT,
TROY VINCENT, STASHA WHITE, MARY WILLIAMS,
ANTONIO WILSON, REGINIA YOLTON, and EDWARD
ZILKEY,

       Plaintiffs,

         -- against --

DARDEN RESTAURANTS, INC., GMRI, INC.,
RARE HOSPITALITY INTERNATIONAL, INC.,
RARE HOSPITALITY MANAGEMENT, INC.,
N and D RESTAURANTS, INC.,
DARDEN SW LLC, and FLORIDA SE, INC.,

       Defendants.

_____/

**PLAINTIFFS' PROPOSED REVISED NOTICE**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

*This is a Court-Authorized Notice and is not a Solicitation from a Lawyer.*
*The Court Has Made No Finding as to the Merits of the Case at this Time.*

**IF YOU WERE A SERVER OR A BARTENDER AT ANY BAHAMA BREEZE, LONGHORN STEAKHOUSE, OLIVE GARDEN, RED LOBSTER, or SEASONS 52 RESTAURANT BETWEEN SEPTEMBER 6, 2009 AND SEPTEMBER 6, 2012, PLEASE READ THIS NOTICE.**

**EVEN IF YOU HAVE RECEIVED A CHECK FOR BACK WAGES OR HAVE SIGNED AN EMPLOYEE ACKNOWLEDGMENT FORM STATING THAT YOU HAVE BEEN PAID ALL WAGES FOR ALL HOURS WORKED, YOU ARE STILL ELIGIBLE TO JOIN THIS LAWSUIT.**

**A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR LEGAL RIGHTS.**

• Current and former servers and bartenders have sued Darden Restaurants, Inc., GMRI, Inc., Rare Hospitality International, Inc., Rare Hospitality Management, Inc., N and D Restaurants, Inc., Darden SW LLC, and Florida SE, Inc. in federal court in Fort Lauderdale, Florida alleging that Defendants violated the Fair Labor Standards Act by requiring servers and bartenders to perform substantial cleaning and preparation duties for the "tip credit" minimum wage, by requiring plaintiffs to work off the clock, before, after, and during their regularly scheduled shifts, and by failing to pay servers and bartenders overtime pay – at a rate 1.5 times their regular hourly rate – for hours worked in excess of 40 per workweek.  The case name is *Alequin, et al. v. Darden Restaurants, Inc. et al.*, Case No.: 12-61742-CIV-ROSENBAUM/SELZTER.

• The Court has permitted the Plaintiffs to send Notice to all similarly situated current and former servers and bartenders that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

• The Court has not yet decided whether Defendants have done anything wrong. There is no money available now and no guarantees that there will be.  However, you have a choice to assert your legal rights in this case.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this case, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this lawsuit, but you give up your right to separately sue the Defendants for the same legal claims brought in this lawsuit. If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable.  You may also be required to participate in discovery and a trial.  If you wish to be included, you must complete the form at the end of this Notice. |
| **DO NOTHING** | By doing nothing, you will not be included in this lawsuit. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. The limitations period on your claim continues to run. Each day that you do not take action to protect your claims, they may diminish. |

• Your options are explained in this notice.  To opt-in, you must complete the Opt-In Consent Form and forward it to the address designated on the notice on or before [Ninety (90) days after Court approval of this form].  STATUTE OF LIMITATIONS CONCERNS MANDATE THAT YOU RETURN THE ATTACHED CONSENT FORM AS SOON AS POSSIBLE TO PRESERVE YOUR RIGHTS.

**This notice contains information that affects your rights. Please read it carefully.**

**1. Why did I get this notice?**
You are getting this notice because the Defendants' records show that you work or worked at a Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, or Seasons 52 restaurant in the United States as a server or bartender at some point from September 6, 2009 to September 6, 2012.

**2. What damages is the lawsuit seeking?**
The lawsuit is seeking to recover unpaid minimum wage, overtime pay, and "liquidated damages," which doubles the amount of wages owed. The lawsuit is also seeking recovery of costs and attorneys' fees.

**3. Can my current employer retaliate or fire me if I join the lawsuit?**
No. It is a violation of federal law for the Defendants or any other employer to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.

**4. Can I participate in this lawsuit even though, due to my immigration status, I did not work or am not working at the Defendants' Restaurants legally?**
Yes. Your immigration status does not affect your entitlement to recover wages or to participate in this lawsuit.

**5. How do I ask the Court to include me in the case?**
It is entirely your decision whether or not to join this lawsuit. This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the Court.

Enclosed is a form called "Consent To Join Collective Action" form.  **If you wish to participate in this lawsuit, you must sign and return the enclosed "Consent To Join Collective Action" form.**  An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Plaintiff Consent Form must be sent to the following address:   [Insert notice vendor address / fax / email address.]

**6. Do I have a lawyer in this case?**
The Plaintiffs in this lawsuit are currently represented by the following three law firms:

Trief & Olk
150 East 58th Street
34th Floor
New York, NY 10155
Phone: (212) 486-6060

Higer Lichter & Givner LLP
Bank of America Building
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Phone: (305) 933-9970

Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Phone: (201) 845-9600.

If you wish, you may choose to be represented by Plaintiffs' counsel in this case. You will not be required to pay any fee for services provided by Trief & Olk, Higer Lichter & Givner LLP, and Cohn Lifland Pearlman Herrmann & Knopf LLP. However, you also have the right to consult with an attorney of your own choosing about this matter, and if you wish to be represented by counsel other than Plaintiffs' counsel, you may retain another attorney. You will be responsible for paying that attorney and that attorney must notify the Court of their representation.

**7. How will the lawyers be paid?**
Plaintiffs' counsel are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorneys' fees. If there is a recovery, plaintiffs' attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the Class. Plaintiffs' attorneys may also apply to the Court to request that the Defendants pay fees to plaintiffs' attorneys. The Court will determine the adequacy and appropriateness of plaintiffs' attorneys' fees.

**8. This notice has been authorized by the Court.**
This notice and its contents have been authorized by District Court Judge Robin S. Rosenbaum of the U.S. District Court, Southern District of Florida. The Court has not yet ruled on whether Plaintiffs' claims or Defendants' defenses have any merit.

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to the Fair Labor Standards Act of 1938
### 29 U.S.C. § 216(b)

I am a current or former employee of Darden Restaurants, Inc., or GMRI, Inc., Rare Hospitality International, Inc., Rare Hospitality Management, Inc., N and D Restaurants, Inc., Darden SW LLC, and Florida SE, Inc., (including Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52) in the position of a server and/or bartender.

I have claims against Defendants relating to not being paid for time that I worked (including overtime) and/or being paid a reduced "tip credit" wage for performing cleaning or preparation duties. Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in United States District Court for the Southern District of Florida entitled *Alequin, et al. v. Darden Restaurants, Inc. et al.*, to recover unpaid wages, overtime wages, underpaid wages, and other sums owing to me and to other, similarly-situated employees under the Fair Labor Standards Act [29 U.S.C. §§ 201-219] ("FLSA"). I hereby authorize Trief & Olk, Higer Lichter & Givner LLP, and Cohn Lifland Pearlman Herrmann & Knopf LLP, to pursue any claims I may have under the FLSA, including such litigation as may be necessary, and I hereby consent, agree, and opt-in to become a party plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

| | | |
|---|---|---|
| Date Signed | Signature | Position (Server/Bartender/Both) |
| Name of Restaurant | Location of Restaurant | |
| Print Name | Beginning Date of Employment | End Date of Employment |

| | | | |
|---|---|---|---|
| Address | City | State | Zip |

| | |
|---|---|
| Telephone Number | E-Mail Address |

To opt into this collective action, fill out this form and mail, fax or e-mail it to the address:

[Insert notice vendor address / fax / email address.]

# EXHIBIT C



July 25, 2013

**VIA EMAIL**

David Lichter
Higer Lichter & Givner
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
dlichter@hlglawyers.com

Peter Pearlman
Cohn Lifland Pearlman Hermann & Knopf
Park 80 Plaza West One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
psp@njlawfirm.com

Ted Trief
Barbara Olk
Matthew Wojtkowiak
Trief & Olk
150 E. 58th St., 34th Floor
New York, NY 10155
ttrief@triefandolk.com
bolk@triefandolk.com
mwojtkowiak@triefandolk.com

> Re: *Nicole Alequin, et al v. Darden Restaurants, Inc., et al.*
> Case No. 12-61742-CIV (Rosenbaum/Seltzer)
> Form and Method of Transmittal of Notice to Potential Opt-Ins

Dear Counsel:

I write in response to Barbara Olk's letter dated July 23, 2013, regarding the content of the notice to potential opt-ins and the method of transmitting that notice.

Plaintiffs' Proposed Notice

With regard to the proposed notice, we find your revised form improper and otherwise contrary to Judge Rosenbaum's July 12, 2013 Order.

First, Plaintiffs' notice now includes the following language at the top: "UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA." This imprimatur reads as a judicial endorsement and suggests the notice is from the Court. Plaintiffs should either omit this language or provide the entire caption.

July 25, 2013
Page 2

Second, the revised notice omits the paragraph that stated: "The purpose of this Notice is to advise you of a lawsuit that has been filed . . . and to advise you of your legal rights in connection with that suit." Judge Rosenbaum neither instructed nor invited Plaintiffs to remove this language, which provides an important preliminary statement on the notice.

Third, the "DO NOTHING" option in the notice now excludes the language, "[Y]ou will not be bound by the outcome of this lawsuit, and you retain your legal rights to bring your own lawsuit." Judge Rosenbaum explicitly accepted this amendment, which Plaintiffs agreed to add based on arguments raised in Defendants' opposition. By omitting it, Plaintiffs deceptively suggests that putative opt-ins do not retain any right to bring their own lawsuits.

Fourth, the Court's order specifically stated: "[T]he consent form itself [D.E. 168-1 at 7] shall be amended to mirror the format and contents of the form used in *Bennett* and *Bell*." (Dkt. No. 211 at p. 17). Unlike the revised form we provided to you on July 23, Plaintiffs' revised form does not "mirror the format and contents" of those used in *Bennett* and *Bell*. At most, it incorporates the two examples from *Bennett* and *Bell* cited by Judge Rosenbaum (*i.e.*, opt-in position, employment period, and averment of similar claims), which is hardly sufficient to "mirror" both the format and content. As set forth in our draft revised consent, the form should consist of numbered paragraphs separately addressing each opt-in's:

- Consent and agreement to pursue his/her claims in connection with this litigation;

- Position(s), brand(s), and period of employment;

- Off-the-clock claims, if any, during the relevant period;

- Tip credit claims, if any, during the relevant period;

- Understanding that the case is brought under the FLSA and affirmative consent, agreement, and opting-in as a plaintiff;

- Designation of law firms; and

- Designation of collective action representatives

<u>Plaintiffs' Proposed Method of Transmitting Notice</u>

As stated in my email correspondence of July 16, we are preparing a list of names and addresses of potential opt-ins and will produce it by July 26. We will produce this list in native Excel format. The list will not include email addresses for two reasons. First, the Court did not order Defendants to produce email addresses. Second, Defendants do not require employees to provide their email addresses, and therefore, do not have a complete database of employee email addresses to produce.

July 25, 2013
Page 3

Defendants will object to and oppose any motion asking the Court to require Darden to provide email addresses for the transmittal of the notice and to post the notice on DiSH. Plaintiffs previously made this request in their memorandum in support of conditional certification and notice. (Dkt. No. 168 p. 35). Judge Rosenbaum, however, already considered and rejected the request, as demonstrated by the fact that she ordered Defendants to furnish *only* the "names and addresses of the conditionally certified class" and referenced *only* the "mailing" of the notice. (Dkt. No. 211 p. 27).

Judge Rosenbaum's order is consistent with other decisions rejecting requests that notice be transmitted by means in addition to U.S. Mail. *See, e.g., In re Wells Fargo Wage and Hour Employment Practices Litig. (No. III)*, 2013 U.S. Dist. LEXIS 70040, at *6-8 (S.D. Tex. May 17, 2013) (denying request that notice be emailed and posted on the employer's premises and on its intranet); *Espenscheid v. DirectSat USA, LLC*, 2010 U.S. Dist. LEXIS 55578, at *40 (E.D. Wis. June 4, 2010) (denying notice via email); *Gordon v. Kaleida Health*, 2009 U.S. Dist. LEXIS 95729, at *35-36 (W.D.N.Y. Oct. 14, 2009) (denying request that notice be posted at employer site and in employer's newsletters); *Hintergerger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944, at *40-41 (W.D.N.Y. Oct. 21, 2009) (denying request for notice via email, posting at employer's location, and in newsletter publications); *Kuznyestov v. West Penn Allegheny Health Sys., Inc.*, 2009 U.S. Dist. LEXIS 47163, *17-18 (W.D. Pa. June 1, 2009) (denying notice via email).

The alleged "transient nature of Defendants' labor force," which you cite as the basis for asking that the notice be emailed and posted, does not justify your request. In denying requests that notice be posted, courts correctly note that the only group likely to be reached by posting in an employer's place of business are current employees. Because employers typically have current addresses for active employees, posting the notice at the place of business is unnecessary. *See Gordon*, 2009 U.S. Dist. LEXIS 95729, at *36-37 ("Moreover, the only group that will be reached by posting are current employees, who have an interest in providing their employer with an up-to-date mailing address. . . . For the reasons stated, I find that first class mail is the 'best notice practicable' and should be sufficient to provide potential class members here the notice to which they are entitled."); *Hintergerger*, 2009 U.S. Dist. LEXIS 97944, at *40-42 (same).

Repeating your request for email addresses and transmittal of notice via email and posting would be frivolous, and Defendants will seek their fees and costs for having to respond to such a motion.

Very truly yours,

John A. Ybarra

cc: Amy Ramsey

Firmwide:122098390.2 069299.1040

**EXHIBIT D**

**From:** Barbara Olk [mailto:bolk@triefandolk.com]
**Sent:** Friday, July 26, 2013 10:57 AM
**To:** Ybarra, John A.; Crews, Aaron D.; DeBlasio, Patrick G.; Lehet, Michael J.; Ramsey, Amy S.; Ray, Niloy; Reed, Aaron J.; Travers, Jessica T.
**Cc:** David Lichter (dlichter@HLGlawyers.com); Ted Trief; Peter Pearlman; Mark Stein (MStein@hlglawyers.com)
**Subject:** Notice

Thank you for your letter of July 25, 2013 regarding the form and method of transmittal of notice.  We have incorporated certain of your proposed changes into the attached forms; we disagree with the others and will be filing the attached notice later today.  We also intend to ask the Court to approve a legend on the outside of the envelope "Notice of Pendency of Collective Action Lawsuit Against Darden Restaurants."  Do you consent to this legend?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 12-61742-CIV-ROSENBAUM/SELZTER

NICOLE ALEQUIN, TESHIURE AMOS, FELICIA
ANDREWS, ALISON ASA, MATTHEW BOGART,
BELINDA LACEY BROWN, ELISA BYRNE, SHARON
CANTEEN, CHRISTINA CARDENAS, RAYLENE
CARLSON, JACLYN CIRILLO, STEPHEN DONETH,
LASHAWN EDMONDS, AMANDA EMERSON, LISA
FOSTER, MARY GILLESPIE, PENNY GREEN, TIFFANY
GREEN, DARLENE HAMILTON, PRINCESS L. HEARD,
BRAD HENRY, CYNTHIA LAMBERT ICE, DAVID S.
JUHASZ, JAMIE KERR, BRENDA LAWSON, LISA M.
LONG, AMANDA MATHIS, JENNIFER McDONALD,
JONATHAN McDOUGAL, SAMANTHA MEDINA,
CRYSTAL MILLER, FAYE MILLER, REBECCAH MOON,
BRIGETT L. NICHOLS, KIMBERLY PALCHICK, NIKITA
PATRICK, JODIE PENDLEY, ALAINE PETERS,
KATHLEEN PHARES, REBECCA PHILLIPS, CHRISTINA
POLK, RALPH RAGSDALE, JR., JEANINE REDMON,
NAKEYSHA ROBERTSON, JAMES ROGERS, SARINA
UNANGST, NATALIE VACCARO, HEATH VINCENT,
TROY VINCENT, STASHA WHITE, MARY WILLIAMS,
ANTONIO WILSON, REGINIA YOLTON, and EDWARD
ZILKEY,

      Plaintiffs,

      -- against --

DARDEN RESTAURANTS, INC., GMRI, INC.,
RARE HOSPITALITY INTERNATIONAL, INC.,
RARE HOSPITALITY MANAGEMENT, INC.,
N and D RESTAURANTS, INC.,
DARDEN SW LLC, and FLORIDA SE, INC.,

      Defendants.

_____/

**PLAINTIFFS' PROPOSED REVISED NOTICE**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

*This is a Court-Authorized Notice and is not a Solicitation from a Lawyer.*
*The Court Has Made No Finding as to the Merits of the Case at this Time.*

**IF YOU WERE A SERVER OR A BARTENDER AT ANY BAHAMA BREEZE, LONGHORN STEAKHOUSE, OLIVE GARDEN, RED LOBSTER, or SEASONS 52 RESTAURANT BETWEEN SEPTEMBER 6, 2009 AND SEPTEMBER 6, 2012, PLEASE READ THIS NOTICE.**

**EVEN IF YOU HAVE RECEIVED A CHECK FOR BACK WAGES OR HAVE SIGNED AN EMPLOYEE ACKNOWLEDGMENT FORM STATING THAT YOU HAVE BEEN PAID ALL WAGES FOR ALL HOURS WORKED, YOU ARE STILL ELIGIBLE TO JOIN THIS LAWSUIT.**

**A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR LEGAL RIGHTS.**

• Current and former servers and bartenders have sued Darden Restaurants, Inc., GMRI, Inc., Rare Hospitality International, Inc., Rare Hospitality Management, Inc., N and D Restaurants, Inc., Darden SW LLC, and Florida SE, Inc. in federal court in Fort Lauderdale, Florida alleging that Defendants violated the Fair Labor Standards Act by requiring servers and bartenders to perform substantial cleaning and preparation duties for the "tip credit" minimum wage, by requiring plaintiffs to work off the clock, before, after, and during their regularly scheduled shifts, and by failing to pay servers and bartenders overtime pay – at a rate 1.5 times their regular hourly rate – for hours worked in excess of 40 per workweek.  The case name is *Alequin, et al. v. Darden Restaurants, Inc. et al.*, Case No.: 12-61742-CIV-ROSENBAUM/SELZTER.

• The Court has permitted the Plaintiffs to send Notice to all similarly situated current and former servers and bartenders that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

• The Court has not yet decided whether Defendants have done anything wrong. There is no money available now and no guarantees that there will be.  However, you have a choice to assert your legal rights in this case.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this case, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this lawsuit, but you give up your right to separately sue the Defendants for the same legal claims brought in this lawsuit. If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable.  You may also be required to participate in discovery and a trial.  If you wish to be included, you must complete the form at the end of this Notice. |
| **DO NOTHING** | By doing nothing, you will not be included in this lawsuit. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. The limitations period on your claim continues to run. Each day that you do not take action to protect your claims, they may diminish. |

• Your options are explained in this notice. To opt-in, you must complete the Opt-In Consent Form and forward it to the address designated on the notice on or before [Ninety (90) days after Court approval of this form]. STATUTE OF LIMITATIONS CONCERNS MANDATE THAT YOU RETURN THE ATTACHED CONSENT FORM AS SOON AS POSSIBLE TO PRESERVE YOUR RIGHTS.

**This notice contains information that affects your rights. Please read it carefully.**

**1. Why did I get this notice?**
You are getting this notice because the Defendants' records show that you work or worked at a Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, or Seasons 52 restaurant in the United States as a server or bartender at some point from September 6, 2009 to September 6, 2012.

**2. What damages is the lawsuit seeking?**
The lawsuit is seeking to recover unpaid minimum wage, overtime pay, and "liquidated damages," which doubles the amount of wages owed. The lawsuit is also seeking recovery of costs and attorneys' fees.

**3. Can my current employer retaliate or fire me if I join the lawsuit?**
No. It is a violation of federal law for the Defendants or any other employer to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.

**4. Can I participate in this lawsuit even though, due to my immigration status, I did not work or am not working at the Defendants' Restaurants legally?**
Yes. Your immigration status does not affect your entitlement to recover wages or to participate in this lawsuit.

**5. How do I ask the Court to include me in the case?**
It is entirely your decision whether or not to join this lawsuit. This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the Court.

Enclosed is a form called "Consent To Join Collective Action" form. **If you wish to participate in this lawsuit, you must sign and return the enclosed "Consent To Join Collective Action" form.** An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Plaintiff Consent Form must be sent to the following address:   [Insert notice vendor address / fax / email address.]

**6. Do I have a lawyer in this case?**
The Plaintiffs in this lawsuit are currently represented by the following three law firms:

Trief & Olk
150 East 58th Street
34th Floor
New York, NY 10155
Phone: (212) 486-6060

Higer Lichter & Givner LLP
Bank of America Building
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Phone: (305) 933-9970

Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Phone: (201) 845-9600.

If you wish, you may choose to be represented by Plaintiffs' counsel in this case. You will not be required to pay any fee for services provided by Trief & Olk, Higer Lichter & Givner LLP, and Cohn Lifland Pearlman Herrmann & Knopf LLP.  However, you also have the right to consult with an attorney of your own choosing about this matter, and if you wish to be represented by counsel other than Plaintiffs' counsel, you may retain another attorney. You will be responsible for paying that attorney and that attorney must notify the Court of their representation.

**7. How will the lawyers be paid?**
Plaintiffs' counsel are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorneys' fees.  If there is a recovery, plaintiffs' attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the Class.  Plaintiffs' attorneys may also apply to the Court to request that the Defendants pay fees to plaintiffs' attorneys.  The Court will determine the adequacy and appropriateness of plaintiffs' attorneys' fees.

**8. This notice has been authorized by the Court.**
This notice and its contents have been authorized by District Court Judge Robin S. Rosenbaum of the U.S. District Court, Southern District of Florida. The Court has not yet ruled on whether Plaintiffs' claims or Defendants' defenses have any merit.

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to the Fair Labor Standards Act of 1938
### 29 U.S.C. § 216(b)

I am a current or former employee of Darden Restaurants, Inc., or GMRI, Inc., Rare Hospitality International, Inc., Rare Hospitality Management, Inc., N and D Restaurants, Inc., Darden SW LLC, and Florida SE, Inc., (including Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52) in the position of a server and/or bartender.

I have claims against Defendants relating to not being paid for time that I worked (including overtime) and/or being paid a reduced "tip credit" wage for performing cleaning or preparation duties. Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in United States District Court for the Southern District of Florida entitled *Alequin, et al. v. Darden Restaurants, Inc. et al.*, to recover unpaid wages, overtime wages, underpaid wages, and other sums owing to me and to other, similarly-situated employees under the Fair Labor Standards Act [29 U.S.C. §§ 201-219] ("FLSA"). I hereby authorize Trief & Olk, Higer Lichter & Givner LLP, and Cohn Lifland Pearlman Herrmann & Knopf LLP, to pursue any claims I may have under the FLSA, including such litigation as may be necessary, and I hereby consent, agree, and opt-in to become a party plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.


_____     _____     _____

Date Signed             Signature             Position (Server/Bartender/Both)


_____     _____

Name of Restaurant        Location of Restaurant


_____     _____     _____

Print Name             Beginning Date of Employment       End Date of Employment


_____

     Address          City          State       Zip


_____     _____

Telephone Number        E-Mail Address

To opt into this collective action, fill out this form and mail, fax or e-mail it to the address:

[Insert notice vendor address / fax / email address.]