UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61742-CIV-ROSENBAUM/SELTZER

NICOLE ALEQUIN, *et al.*,

    Plaintiffs,

vs.

DARDEN RESTAURANTS, INC., *et al.*,

    Defendants.

_____/

## ORDER REQUIRING AMENDMENT OF NOTICE-AND-CONSENT FORM

    This matter is before the Court upon Plaintiffs' Notice of Filing of Proposed Modified Notice-and-Consent Form [D.E. 217] and Defendants' Objections to Plaintiffs' Proposed Modified Notice-And-Consent Form [D.E. 219]. In their Notice of Filing, Plaintiffs attached a Proposed Revised Notice to members of the conditionally-certified class as required by the Court's July 12, 2013, Order Granting in Part and Denying in Part Plaintiffs' Motion for Conditional Certification, and Granting in Part and Denying in Part Plaintiffs' Motion to Invalidate [D.E. 211]. *See* D.E. 217-1. Plaintiffs' Notice also requests the Court to direct Defendants to disclose the e-mail addresses of members of the conditionally certified class so that Plaintiffs may provide the Notice-and-Consent Form through email. D.E. 217 at 2. In addition, Plaintiffs seek for the Court to require Defendants to provide notice to members of the conditionally certified class through Defendants' internal DiSH network through which Defendants communicate with their employees. *Id.*

    Defendants object to the format of Plaintiffs' Proposed Revised Notice, asserting that the heading "UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA" is

misleading because it conveys the false impression that the form was not merely authorized by the Court but also issued by it. D.E. 219 at 3. Defendants also claim that Plaintiffs failed to correctly follow the Court's order to mirror the format of the consent forms authorized in *Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270 (S.D. Fla. 2012), and *Bell v. Mynt Entertainment, LLC*, 223 F.R.D. 680 (S.D. Fla. 2004). *Id.* at 4. Defendants further contend that it is inappropriate for the Court to authorize transmittal of the Notice-and-Consent forms over email or on Defendants' internal computer network. *Id.* at 2.

The Court agrees with Defendants that it is unnecessary for the Notice-and-Consent Form to include the heading "UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA," and that this heading may unintentionally mislead class members into thinking that the Form was issued by the Court. Accordingly, Plaintiffs are directed to remove this heading from their Notice-and-Consent Form. Plaintiffs do not need to replace the heading with the complete caption of the case.

The Court also agrees that the numbered-paragraph format of Defendants' Consent Form more closely mirrors the forms of *Bennett* and *Bell* and is easier to read than Plaintiffs' block-paragraph format. Defendants' proposed form also includes a section in which class members can check which claims apply to them—off-the-clock work, overtime, or incorrect application of the tipped-wage rate. D.E. 219-1 at 11. Plaintiffs are thus directed to use the format of Defendants' proposed Consent Form, D.E. 219-1 at 11-12, but to also include spaces for class members to fill in the locations of their restaurants, personal addresses, telephone numbers, and email addresses.

Though Defendants cite to numerous cases from other circuits that reject requests for notice in collective-action cases to be transmitted by methods other than United States mail, D.E. 219 at

6-7, Plaintiffs are correct in noting that courts in this Circuit commonly approve email notice to potential opt-in class members in FLSA cases. *See Cooper v. E. Coast Assemblers, Inc.*, 2013 WL 308880, at *4 (S.D. Fla. Jan. 25, 2013); *Stuven v. Texas de Brazil (Tampa) Corp.*, 20 Wage & Hour Cas. 2d (BNA) 1110, at *6 (M.D. Fla. 2013) (declining to impose a presumption that regular mail is the preferred method of notice, and finding that email is not too intrusive); *Pittman v. Comfort Sys. USA (Se.), Inc.*, 2013 WL 525006, at *2 (M.D. Fla. Feb. 13, 2013) ("conclud[ing] that communication through email, in addition to regular mail, is fair and proper notice"). The Court agrees that email is an efficient and nonintrusive method of communication. Accordingly, Defendants shall disclose known email addresses of potential opt-in class members to Plaintiffs so that Plaintiffs may transmit the Notice-and-Consent Form through email.

Finally, Defendants object to Plaintiffs' request to post notice on Defendants' internal DiSH network. Defendants note that the DiSH network reaches only Defendants' current employees, whereas the conditionally-certified class includes any server or bartender employed between September 6, 2009, and September 6, 2012. D.E. 219 at 7. Defendants also point out that the DiSH system does not allow Defendants to post a notice to only those current employees who are also potential opt-in members of the conditionally-certified class, so if notice were posted on DiSH, many employees who are not members of the putative class would also receive notice. D.E. 219. The Court agrees that posting notice of a lawsuit against Defendants on Defendants' centralized computer network is overly and unnecessarily intrusive into the operations of Defendants' restaurants. Accordingly, Plaintiffs' request to post the Notice-and-Consent Form on Defendants' DiSH network is denied. Notice provided by regular mail and, where available, email is sufficient.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiffs shall amend their Notice-and-Consent Form such that the heading "UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA" is removed and the Consent Form shall use the format and content of Defendants' proposed form at D.E. 219-1 at 11-12, but with the addition of spaces to fill in the opt-in class member's restaurant location, address, telephone number, and email address.

2. Defendants shall provide to Plaintiffs the email addresses of putative class members, where available, so Plaintiff can transmit the Notice-and-Consent Form by email in addition to regular mail.

3. Plaintiffs' request to post the Notice-and-Consent Form on Defendants' DiSH network is **DENIED**.

4. Plaintiffs shall submit their revised Notice-and-Consent Form to opposing counsel and to the Court no later than **August 7, 2013,** for approval before mailing it to the class of potential opt-in plaintiffs.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 31st day of July 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record