UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61742-CIV-DIMITROULEAS/SNOW

NICOLE ALEQUIN, TESHIURE AMOS,
FELICIA ANDREWS, ALISON ASA,
MATTHEW BOGART, BELINDA LACEY
BROWN, ELISA BYRNE, SHARON CANTEEN,
CHRISTINA CARDENAS, RAYLENE
CARLSON, JACLYN CIRILLO, STEPHEN
DONETH, LASHAWN EDMONDS, LISA
FOSTER, MARY GILLESPIE, PENNY GREEN,
TIFFANY GREEN, DARLENE HAMILTON,
PRINCESS L. HEARD, BRAD HENRY,
CYNTHIA LAMBERT ICE, DAVID S. JUHASZ,
JAMIE KERR, BRENDA LAWSON, LISA M.
LONG, AMANDA MATHIS, JENNIFER
McDONALD, JONATHAN McDOUGAL,
SAMANTHA MEDINA, CRYSTAL MILLER,
FAYE MILLER, REBECCAH MOON, BRIGETT L.
NICHOLS, KIMBERLY PALCHICK, NIKITA
PATRICK, JODIE PENDLEY, ALAINE PETERS,
KATHLEEN PHARES, REBECCA PHILLIPS,
CHRISTINA POLK, RALPH RAGSDALE, JR.,
JEANINE REDMON, NAKEYSHA ROBERSON,
JAMES ROGERS, SARINA UNANGST, NATALIE
VACCARO, HEATH VINCENT, TROY VINCENT,
STASHA WHITE, MARY WILLIAMS, ANTONIO
WILSON, REGINIA YOLTON, and EDWARD ZILKEY,

|  |  |
|---|---|
| Plaintiffs, | **THIRD AMENDED COLLECTIVE ACTION COMPLAINT** |
| -- against – |  |
| DARDEN RESTAURANTS, INC., GMRI, INC., RARE HOSPITALITY INTERNATIONAL, INC., RARE HOSPITALITY MANAGEMENT, INC., N and D RESTAURANTS, INC., DARDEN SW LLC, and FLORIDA SE, INC., | **JURY TRIAL DEMANDED** |
| Defendants. |  |

_____/

*Nicole Alequin v. Darden Restaurants, Inc.*

Plaintiffs Nicole Alequin, Teshiure Amos, Felicia Andrews, Alison Asa, Matthew Bogart, Belinda Lacey Brown, Elisa Byrne, Sharon Canteen, Christina Cardenas, Raylene Carlson, Jaclyn Cirillo, Stephen Doneth, Lashawn Edmonds, Lisa Foster, Mary Gillespie, Penny Green, Tiffany Green, Darlene Hamilton, Princess L. Heard, Brad Henry, Cynthia Lambert Ice, David S. Juhasz, Jamie Kerr, Brenda Lawson, Lisa M. Long, Amanda Mathis, Jennifer McDonald, Jonathan McDougal, Samantha Medina, Crystal Miller, Faye Miller, Rebeccah Moon, Brigett L. Nichols, Kimberly Palchick, Nikita Patrick, Jodie Pendley, Alaine Peters, Kathleen Phares, Rebecca Phillips, Christina Polk, Ralph Ragsdale, Jr., Jeanine Redmon, Nakeysha Roberson, James Rogers, Sarina Unangst, Natalie Vaccaro, Heath Vincent, Troy Vincent, Stasha White, Mary Williams, Antonio Wilson, Reginia Yolton, and Edward Zilkey, through undersigned counsel, on behalf of themselves and all persons similarly situated, allege as follows:

## INTRODUCTION

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA") as a result of Defendants' failure to pay Plaintiffs and other similarly-situated employees who are members of the Class defined herein all earned wages.

2.     Plaintiffs bring this action as a collective action pursuant to the FLSA to recover unpaid minimum and overtime wages.  Plaintiffs, as a class, are current and former employees of Defendants, who worked or are working as tipped employees including but not limited to restaurant servers and bartenders.

3.     Due to Defendants' uniform policies and practices, Plaintiffs and the members of the Class have been: (i) prohibited and/or discouraged from clocking in and/or (ii) encouraged and/or permitted not to clock in for the full amount of hours they worked and thus were not paid for the hours they worked. This was accomplished by not clocking in until customers arrived

and were seated, by performing prescribed work before clocking in, by being required to clock out and continue working after their scheduled shifts, or by having to clock out during their shifts.

4.      Plaintiffs and the class members presently work or have worked for periods of time for which they have not been paid at all.  Plaintiffs and the class members presently work or have worked in excess of 40 hours in individual work weeks, but were not paid at a rate of 1.5 times their regular rate of pay as required by the FLSA, 29 U.S.C. § 207.

5.      Defendants paid their tipped employees such as Plaintiffs and the class members sub-minimum hourly wages under the tip-credit provisions of the FLSA. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions.

6.      Plaintiffs were tipped employees who, pursuant to Defendants' uniform policies, were required to perform non-tipped work, such as maintenance and preparatory work, in excess of twenty percent (20%) of their time at work.  Defendants violated the FLSA by requiring tipped employees to perform non-tipped duties for periods in excess of twenty percent (20%) of their time at work, and therefore violated the FLSA, 29 U.S.C. § 203(m).

7.      Plaintiffs were tipped employees who, pursuant to Defendants' uniform policies, also were required to perform non-tipped work that was unrelated to their tip-producing work. Defendants violated the FLSA by requiring tipped employees to perform these non-tipped and unrelated duties and by not paying those employees minimum wage for performing such duties.

8.      Plaintiffs allege on behalf of the class that their unpaid wage claims include: (i) unpaid wages from Defendants for hours worked for which they did not receive wages; (ii) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay; and (iii) unpaid wages due to Defendants' imposition of a tip credit (which

*Nicole Alequin v. Darden Restaurants, Inc.*

reduced the hourly wages paid to Plaintiffs) when Defendants were not entitled to impose such a tip credit.

9.    Plaintiffs also bring this action on behalf of themselves and all other similarly situated employees of Defendants who have experienced or are potentially subject to retaliation in violation of 29 U.S.C. § 215(a)(3) for participating in this lawsuit.

## CLASS DESCRIPTION

10.   Plaintiffs bring this suit on behalf of the following similarly situated persons:

All current and former tipped employees in the United States of Defendants who worked at Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, or Seasons 52 at any time during the applicable limitations period covered by this Complaint (*i.e.* two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. 216(b) ("the Class").

## PARTIES

11.   Plaintiff Nicole Alequin is a citizen of the State of Michigan who was employed as a server by the Defendants at multiple Olive Garden restaurants located in Florida and Michigan during the statutory period covered by this Complaint.

12.   Plaintiff Teshiure Amos is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.  Ms. Amos lives in this District in Hallandale, Florida.

13.   Plaintiff Felicia Andrews is a citizen of the State of Georgia who was employed as a server and bartender in Georgia by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

14.   Plaintiff Alison Asa is a citizen of the State of Tennessee who was employed as a server in Tennessee by the Defendants at their Longhorn Steakhouse restaurant during the statutory period covered by this Complaint.

15.   Plaintiff Matthew Bogart is a citizen of the State of South Carolina who was employed as a server and bartender by the Defendants at multiple Longhorn Steakhouse restaurants located in Pennsylvania and South Carolina during the statutory period covered by this Complaint.

16.   Plaintiff Belinda Lacey Brown is a citizen of the State of Tennessee who was employed as a server in Tennessee by the Defendants at their Olive Garden restaurant during the statutory period covered by this Complaint.

17.   Plaintiff Elisa Byrne is a citizen of the State of Pennsylvania who was employed as a server in Pennsylvania by the Defendants at their Olive Garden restaurant during the statutory period covered by this Complaint.

18.   Plaintiff Sharon Canteen is a citizen of the State of North Carolina who was employed as a server in North Carolina by the Defendants at their Olive Garden restaurant during the statutory period covered by this Complaint.

19.   Plaintiff Christina Cardenas is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Longhorn Steakhouse restaurant during the statutory period covered by this Complaint.  Ms. Cardenas lives in this District in Miami, Florida.

20.   Plaintiff Raylene Carlson is a citizen of the State of Florida who was employed as a server by the Defendants at multiple Red Lobster restaurants located in Florida during the statutory period covered by this Complaint.

21.   Plaintiff Jaclyn Cirillo is a citizen of the State of Florida who was employed as a server by the Defendants at multiple Olive Garden restaurants located in Florida during the statutory period covered by this Complaint.

*Nicole Alequin v. Darden Restaurants, Inc.*

22.   Plaintiff Stephen Doneth is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Olive Garden and Seasons 52 restaurants during the statutory period covered by this Complaint.

23.   Plaintiff Lashawn Edmonds is a citizen of the State of Kentucky who was employed as a server in Kentucky by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

24.   Plaintiff Lisa Foster is a citizen of the State of Virginia who was employed as a server in Virginia by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

25.   Plaintiff Mary Gillespie is a citizen of the State of New York who was employed as a server by the Defendants at multiple Red Lobster restaurants located in New York during the statutory period covered by this Complaint.

26.   Plaintiff Penny Green is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

27.   Plaintiff Tiffany Green is a citizen of the State of Missouri who was employed as a server in Illinois by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

28.   Plaintiff Darlene Hamilton is a citizen of the State of Tennessee who was employed as a server by the Defendants at multiple Red Lobster restaurants located in Tennessee during the statutory period covered by this Complaint.

29.   Plaintiff Princess L. Heard is a citizen of the State of Georgia who was employed as a server in Georgia by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

30.   Plaintiff Brad Henry is a citizen of the State of Ohio who was employed as a bartender in Ohio by the Defendants at their Longhorn Steakhouse restaurant during the statutory period covered by this Complaint.

31.   Plaintiff Cynthia Lambert Ice is a citizen of the State of West Virginia who was employed as a server in West Virginia by the Defendants at their Longhorn Steakhouse restaurant during the statutory period covered by this Complaint.

32.   Plaintiff David S. Juhasz is a citizen of the State of Georgia who was employed as a server and bartender in Georgia by the Defendants at their Longhorn Steakhouse restaurant during the statutory period covered by this Complaint.

33.   Plaintiff Jamie Kerr is a citizen of the State of Texas who was employed as a server in New Jersey by the Defendants at their Longhorn Steakhouse restaurant during the statutory period covered by this Complaint.

34.   Plaintiff Brenda Lawson is a citizen of the State of Virginia who was employed as a server in Virginia by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

35.   Plaintiff Lisa M. Long is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Bahama Breeze restaurant during the statutory period covered by this Complaint.  Ms. Long was also employed as a server by the Defendants at their Olive Garden and Red Lobster restaurants in the State of Florida.

36.   Plaintiff Amanda Mathis is a citizen of the State of Florida who was employed as a server by the Defendants at multiple Longhorn Steakhouse locations in Florida and Georgia during the statutory period covered by this Complaint.  Ms. Mathis lives in this District in Ft. Lauderdale, Florida.

*Nicole Alequin v. Darden Restaurants, Inc.*

37.   Plaintiff Jennifer McDonald is a citizen of the State of Alabama who was employed as a server in Alabama by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

38.   Plaintiff Jonathan McDougal is a citizen of the State of Indiana who was employed as a server by the Defendants at multiple Red Lobster restaurants located in Indiana during the statutory period covered by this Complaint.

39.   Plaintiff Samantha Medina is a citizen of the State of New Jersey who was employed as a server in New Jersey by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

40.   Plaintiff Crystal Miller is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Olive Garden restaurant during the statutory period covered by this Complaint.

41.   Plaintiff Faye Miller is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.  Ms. Miller lives in this District in Ft. Lauderdale, Florida.

42.   Plaintiff Rebeccah Moon is a citizen of the State of South Carolina who was employed as a server and bartender by the Defendants at multiple Longhorn Steakhouse restaurants located in South Carolina during the statutory period covered by this Complaint.

43.   Plaintiff Brigett L. Nichols is a citizen of the State of Michigan who was employed as a server and bartender in Michigan by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

44.   Plaintiff Kimberly Palchick is a citizen of the State of Illinois who was employed as a server and bartender in Illinois by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

*Nicole Alequin v. Darden Restaurants, Inc.*

45.   Plaintiff Nikita Patrick is a citizen of the State of Illinois who was employed as a server in Illinois by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

46.   Plaintiff Jodie Pendley is a citizen of the State of Florida who was employed as a server by Darden at multiple Olive Garden restaurants located in Florida during the statutory period covered by this complaint.

47.   Plaintiff Alaine Peters is a citizen of the State of Alabama who was employed as a server in Alabama by the Defendants at their Olive Garden restaurant during the statutory period covered by this Complaint.

48.   Plaintiff Kathleen Phares is a citizen of the State of Georgia who was employed as a server by the Defendants at multiple Longhorn Steakhouse restaurants located in Georgia during the statutory period covered by this Complaint.

49.   Plaintiff Rebecca Phillips is a citizen of the State of Pennsylvania who was employed as a server in Pennsylvania by the Defendants at their Olive Garden restaurant during the statutory period covered by this Complaint.

50.   Plaintiff Christina Polk is a citizen of the State of Texas who was employed as a server in Texas by the Defendants at their Longhorn Steakhouse restaurant during the statutory period covered by this Complaint.

51.   Plaintiff Ralph Ragsdale, Jr. is a citizen of the State of Ohio who was employed as a server in Ohio by the Defendants at their Olive Garden restaurant during the statutory period covered by this Complaint.

52.   Plaintiff Jeanine Redmon is a citizen of the State of Florida who was employed as a server by the Defendants at multiple Longhorn Steakhouse restaurants located in Florida during the statutory period covered by this Complaint.

53.   Plaintiff Nakeysha Roberson is a citizen of the State of Kansas who was employed as a server and bartender in Kansas by the Defendants at their Longhorn Steakhouse restaurant during the statutory period covered by this Complaint.

54.   Plaintiff James Rogers is a citizen of the State of South Carolina who was employed as a server in South Carolina by the Defendants at multiple Longhorn Steakhouse restaurants during the statutory period covered by this Complaint.

55.   Plaintiff Sarina Unangst is a citizen of the State of Ohio who was employed as a server and bartender in Ohio by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

56.   Plaintiff Natalie Vaccaro is a citizen of the State of Michigan who was employed as a server by the Defendants at multiple Olive Garden restaurants located in Nevada and Washington during the statutory period covered by this Complaint.

57.   Plaintiff Heath Vincent is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Olive Garden restaurant during the statutory period covered by this complaint.

58.   Plaintiff Troy Vincent is a citizen of the State of Virginia who was employed as a server in Virginia by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

59.   Plaintiff Stasha White is a citizen of the State of Georgia who was employed as a server in Georgia by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

60.   Plaintiff Mary Williams is a citizen of the State of Indiana who was employed as a server in Indiana by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

61.   Plaintiff Antonio Wilson is a citizen of the State of Illinois who was employed as a server in Illinois by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

62.   Plaintiff Reginia Yolton is a citizen of the State of Florida who was employed as a server in Florida by the Defendants at their Red Lobster restaurant during the statutory period covered by this Complaint.

63.   Plaintiff Edward Zilkey is a citizen of the State of Arkansas who was employed as a bartender in Arkansas by the Defendants at their Red Lobster restaurant during the statutory period covered by this complaint.

64.   Defendant Darden Restaurants, Inc. ("Darden") is a corporation organized under the laws of the State of Florida, and has conducted business directly and through its subsidiaries, in the State of Florida.

65.   Darden's principal place of business is located at 1000 Darden Center Drive, Orlando, Florida.  It regularly conducts business in this judicial district.

66.   Defendant GMRI, Inc. ("GMRI") is a corporation organized under the laws of the State of Florida, and has conducted business, directly and through its subsidiaries, in the State of Florida.  GMRI regularly conducts business in this judicial district.

67.   GMRI does business under the names Bahama Breeze, Olive Garden, Red Lobster, and Seasons 52.

68.   GMRI's principal place of business is located at 1000 Darden Center Drive, Orlando, Florida.

69.   Upon information and belief, Darden owns 100% of the stock of GMRI.

70.   Defendant RARE Hospitality International, Inc. ("Rare International") is a corporation organized under the laws of the State of Georgia.   Rare International regularly conducts business in this judicial district.

71.   Rare International does business under the name Longhorn Steakhouse.

72.   Rare International's principal place of business is located at 1000 Darden Center Drive, Orlando, Florida.

73.   Darden, through GMRI, owns 100% of the stock of Rare International.

74.   Defendant RARE Hospitality Management, Inc. ("Rare Management") is a corporation organized under the laws of the State of Delaware.   Rare Management regularly conducts business in this judicial district.

75.   Rare Management does business under the name Longhorn Steakhouse.

76.   Rare Management's principal place of business is located at 1000 Darden Center Drive, Orlando, Florida.

77.   Darden, through GMRI and Rare International, owns 100% of the stock of Rare Management.

78.   Defendant N and D Restaurants, Inc. ("N and D Restaurants") is a corporation organized under the laws of the State of Florida.   N and D Restaurants regularly conducts business in this judicial district.

79.   N and D Restaurants does business under the name Olive Garden.

80.   N and D Restaurants' principal place of business is located at 1000 Darden Center Drive, Orlando, Florida.

81.   Darden, through GMRI, owns 100% of the stock of N and D Restaurants.

*Nicole Alequin v. Darden Restaurants, Inc.*

82.   Defendant Darden SW LLC ("Darden SW") is a limited liability company organized under the laws of the State of Florida.  Darden SW regularly conducts business in this judicial district.

83.   Darden SW does business under the name Olive Garden.

84.   Darden SW's principal place of business is located at 1000 Darden Center Drive, Orlando, Florida.

85.   Darden, through GMRI, owns 100% of the ownership interests in Darden SW.

86.   Defendant Florida SE, Inc. ("Florida SE") is a corporation organized under the laws of the State of Florida.  Florida SE regularly conducts business in this judicial district.

87.   Florida SE does business under the names Bahama Breeze, Olive Garden and Seasons 52.

88.   Florida SE's principal place of business is located at 1000 Darden Center Drive, Orlando, Florida.

89.   Darden, through GMRI, owns 100% of the stock of Florida SE.

90.   GMRI, Rare International and Rare Management, N and D Restaurants, Darden SW and Florida SE are collectively referred to herein as "the Operator Defendants."

## <u>JURISDICTION AND VENUE</u>

91.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

92.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiffs herein occurred within this judicial district, and Defendants each regularly conduct business in and have engaged and continue to engage in the wrongful conduct alleged herein in -- and, thus, are subject to personal jurisdiction in -- this judicial district.

*Nicole Alequin v. Darden Restaurants, Inc.*

## FACTUAL ALLEGATIONS

93.   Three of the most basic protections afforded by the FLSA are the entitlement of employees (i) to be paid for all hours worked, (ii) to be paid a minimum wage, and (iii) to be paid premium overtime compensation for all hours worked in excess of forty hours per week, unless such employees are shown to be exempt from such protections.

94.   In violation of these basic protections, Plaintiffs and the members of the Class were (i) not lawfully paid for all hours worked, including but not limited to all time above and beyond forty hours in each work week, (ii) not paid the applicable minimum wage, and (iii) not paid premium overtime compensation for all hours worked in excess of forty hours per week.

95.   Darden is an employer and/or a joint employer of Plaintiffs and the members of the Class within the meaning of the FLSA.

96.   Darden operates and/or controls, directly and/or through sole ownership of its subsidiaries, the restaurants (Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52) at which Plaintiffs and the members of the Class work and/or worked (collectively, "the Restaurants").

**A.        Darden Centrally Controls the Restaurants**

97.   Darden is a Fortune 500 company which generated sales from restaurant operations in excess of $7.5 billion in 2011, and $7.1 billion in 2010.

98.   Darden, through its wholly-owned subsidiaries named above, owns and operates approximately 1,900 restaurants under brand names including Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52.

99.   Darden does not franchise its restaurants in the United States and Canada.

*Nicole Alequin v. Darden Restaurants, Inc.*

100. Darden and its subsidiaries, including Rare Management, Rare International, GMRI, Florida SE, N and D Restaurants, and Darden SW occupy the same principal place of business: 1000 Darden Center Drive, Orlando, Florida.

101. Each of the corporate Defendants has at least one officer or director in common, and most of the Defendants have multiple shared officers and/or directors, including: Rare Management (William White, Joseph Kern, and Colleen Hunter), Rare International (William White, Joseph Kern, and Colleen Hunter), GMRI (William White, Joseph Kern, and Colleen Hunter), Florida SE (William White, Joseph Kern, and Colleen Hunter), N and D Restaurants (William White, Joseph Kern, and Colleen Hunter),  and Darden (William White).

102. The Restaurants are designed exclusively by Darden, including not only the Restaurants' layout and décor, but also the music played in the restaurant.  Upon information and belief, the Restaurants rarely, if ever, deviate from Darden's décor and music selections.

103. Darden maintains control, oversight and direction over the operation of the Restaurants, including their employment and/or labor practices.

104. The Restaurants are directly managed and controlled by Darden to make sure that they strictly conform to Darden's policies and practices.

105. The Restaurants are visited regularly by all levels of supervision of Darden to help ensure that the Restaurants strictly adhere to all aspects of Darden's standards.

106. Each of the Restaurants is operated under detailed operations manuals issued by Darden that cover all aspects of restaurant operations.

107. Each of the Restaurants is operated under a particular brand name, *e.g.* Longhorn Steakhouse, and offers a menu which is curated exclusively by Darden.  Upon information and belief, none of the restaurants deviate from Darden's menus.

108. Darden, through its wholly-owned subsidiary Darden Concepts, Inc., controls the content of the websites for each of its brands, including Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52.

109. Darden uses job application forms for each of the Restaurants, which, other than the logos for its restaurant brands, are identical in substance and form.

110. Darden implements centralized training for managers in its each of the Restaurants. Managers of Bahama Breeze are trained in the same manner, and using the same materials under a particular brand name, as managers of Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52.

111. Darden implements centralized initial training for tipped employees by utilizing Certified Trainers who must utilize Darden training materials.

112. Darden tests Certified Trainers to ensure their understanding and compliance with Darden's policies and procedures.

113. Darden issues similar standardized training manuals and handbooks for each of the Restaurants operating under a particular brand name.

114. Darden issues similar standardized manager handbooks which purport to summarize the policies and procedures of the "family of Darden Restaurants."

115. The standardized manager handbooks apply to all of Darden's Restaurant businesses.

116. Darden maintains a code of business conduct and ethics which, Darden asserts, reflects its core values.  Darden claims its code of business conduct applies to all of the Restaurants, including all of its Bahama Breeze, Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52 locations.

117. Darden employs a single toll-free employee hotline number for all of the Restaurants.  Employees of Bahama Breeze who need to contact Darden call the same number as employees of Longhorn Steakhouse, Olive Garden, Red Lobster, and Seasons 52.

118. All of the employees who work at the Restaurants can keep track of their hours, taxes, schedules, and paychecks, and can communicate with their managers and directors through a uniform website called the Darden Information Super Highway or "DISH."

**B.        Defendants' Uniform and Unlawful Wage Practices**

119. Darden (i) creates uniform wage policies and practices for use at the Restaurants, (ii) controls the Restaurants by imposing its uniform wage policies and practices at the Restaurants, and (iii) maintains a centralized human resources function which oversees the implementation of Darden's wage policies and practices at the Restaurants.

120. The Operator Defendants each operate Restaurant locations which implement Darden's uniform policies and practices.  Darden requires and monitors compliance with its policies.

121. Darden maintains a steadfast, single minded focus on minimizing its labor costs. Two fundamental foci of this policy—ingrained in its managers—are the need to have as many tasks as possible performed by as few employees as possible, and a strict restraint on the paying of overtime wages.

**1.        Off-the-Clock Work**

122. Darden employs a uniform electronic timekeeping system for tracking and reporting employee hours worked at the Restaurants.   The timekeeping system is called Darden Application for Service & Hospitality or DASH.  The DASH system allows employees to punch in and out for their shifts, as well as place customers' food and beverage orders.

123. The Operator Defendants utilize DASH at all of the Restaurants.

124. Hours worked are reported from the Restaurants through DASH to Darden's centralized human resources function.

125. Darden monitors the hours worked at the Restaurants.

126. The hours worked by Plaintiffs and the members of the Class were uniformly manipulated by Darden and the Operator Defendants to avoid reporting time worked. Plaintiffs and the members of the Class were routinely not paid for time worked, including but not limited to overtime.

127. Pursuant to Darden's uniform policies, the managers of the Restaurants are responsible for the day-to-day operation of each restaurant.

128. Pursuant to Darden's uniform policies, the managers of the Restaurants are responsible for ensuring compliance with the operating standards of Darden.

129. Pursuant to Darden's uniform policies, the managers of the Restaurants are responsible for knowing, understanding and complying with all of the federal and state labor and employment laws applicable to their restaurant.

130. Pursuant to Darden's uniform policies, the managers of the Restaurant have pay plans which link their compensation to their financial success at Darden.

131. Pursuant to Darden's uniform policies, the managers of the Restaurants have bonuses that contribute significantly to their overall compensation and which are linked, in part, to the total labor hours that tipped employees work.

132. Pursuant to Darden's uniform policies, the managers of the Restaurants have the authority from Darden to edit and adjust the work hours recorded for employees in DASH.

133. Pursuant to Darden's uniform policies, which were implemented by the Operator Defendants, Plaintiffs and the members of the Class were encouraged, required, and/or

permitted to work for the benefit of Darden and the Operator Defendants when they were not contemporaneously logged into DASH as present and working.

134. Pursuant to Darden's uniform policies, which were implemented by the Operator Defendants, Plaintiffs and the members of the Class were required to arrive at work at specified times for scheduled work shifts, but were required to perform work before using DASH to begin logging hours worked, and/or to log out while continuing to complete their assigned tasks for such shifts.

135. Pursuant to Darden's uniform policies, which were implemented by the Operator Defendants, Plaintiffs and the members of the Class could only log into DASH during a discrete clock-in interval at the beginning of their shifts.  After the clock-in time expired, Plaintiffs and the members of the Class needed to obtain authorization of the store manager to log into DASH.

136. As a result of the above uniform timekeeping practices, the timekeeping records of Defendants do not reflect the total time worked by Plaintiffs and the members of the Class.  The total time worked by Plaintiffs and the members of the Class is substantially understated. Furthermore, the timekeeping records of Defendants do not reflect the fact that Plaintiffs and the members of the Class worked in excess of forty hours per week.

137. Darden's uniform timekeeping practices provide managers of the Restaurants with a computer report at the end of a given shift which details when an employee clocked in or out of his or her shift.

138. The failure of the records of Defendants to reflect the correct total time worked by Plaintiffs and the members of the Class and the time in excess of forty hours per week is known by Defendants.

**2.   Tip Credit Violations**

139. Rather than pay its tipped employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants imposed a tip credit upon Plaintiffs and the members of the Class.  Defendants therefore paid Plaintiffs and the members of the Class at a rate less than the applicable minimum wage.

140. As a result of Defendants' imposition of a tip credit, Plaintiff and the members of the Class members were forced to perform minimum wage work for free (in the case of hours worked off-the-clock) or at an hourly rate that was less than minimum wage.

141. In addition to their tipped work, Plaintiffs and the members of the Class were required by Defendants to perform non-tipped work for which they were paid at the reduced tip credit rate.  Examples of non-tipped work include (i) preparatory and workplace maintenance tasks such as rolling silverware, refilling sugar caddies, salt and pepper shakers, ice, condiments; cleaning booths, booth ledges, chair seats, restaurant artifacts and décor, lights, blinds, windows; and (ii) closing out customers' checks and performing pre-closing cleaning tasks, including vacuuming and/or sweeping the servers' assigned area and checking dishes (collectively "Side Work").

142. The Side Work which Plaintiffs and the members of the Class were required to perform exceeded twenty percent (20%) of their time at work.

143. In addition to their tipped work, Plaintiffs and the members of the Class were required by Defendants to perform work that was unrelated and not incidental to the duties of their tipped occupation.

144. As a result, Plaintiffs and the members of the Class are entitled to at least the applicable minimum wage for all such time worked, without applying a tip credit.  Furthermore, Plaintiffs and the members of the Class who worked in excess of forty hours per week are entitled to receive overtime compensation, without applying a tip credit.

145. The United States Department of Labor's Fact Sheet #15 provides that "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)."

146. According to the regulations promulgated by the Department of Labor, "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA." 29 C.F.R. sec. 531.52.

147. Although at this stage Plaintiffs are unable to state the exact amount owed to the Class, Plaintiffs believe that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

**C.      Defendants' Wage Violations and Other Lawsuits**

148. Defendants' uniform wage policies and practices concerning off-the-clock work and tip credit violations have resulted in multiple findings of FLSA violations, as well as lawsuits filed by employees of Defendants in multiple jurisdictions.

149. Following a federal investigation in 2011, the United States Department of Labor found that Darden had violated several provisions of the FLSA by requiring Olive Garden servers to clock in only once their first customers were seated instead of when their relevant shifts began. The Department of Labor found this practice to have resulted in Olive Garden servers being paid below the federal minimum wage, violating the FLSA's minimum wage and record-keeping provisions.

150. Also in 2011, a separate investigation by the United States Department of Labor found that Darden had violated several provisions of the FLSA by requiring Red Lobster servers to clock in only once their first customers were seated instead of when they started their shifts.

*Nicole Alequin v. Darden Restaurants, Inc.*

The Department of Labor found this practice to have resulted in Red Lobster servers being paid below the federal minimum wage, violating the FLSA's minimum wage and record-keeping provisions.

151. In *Chhab v. Darden Restaurants, Inc.*, 11 Civ. 8345, filed in the United States District Court for the Southern District of New York, six plaintiffs alleged that defendants including Darden, GMRI, and Rare Management encouraged employees to work off-the-clock by various means including not permitting them to punch in until the first customer arrived. The plaintiffs further alleged that those Defendants imposed a tip credit which reduced the plaintiffs' hourly rate, and that they required the plaintiffs to perform Side Work in excess of 20% of the time worked.

152. In *Velez v. Longhorn Steaks, Inc.*, 12 Civ. 04857, filed in the United States District Court for the Northern District of Illinois, the plaintiff alleged that she was not permitted to punch in until the first customer arrived, and that she was required to continue working after clocking out. The plaintiff further alleged that Darden and Longhorn Steaks, Inc. imposed a tip credit which reduced the plaintiff's hourly rate, and that Darden required the plaintiff to perform Side Work in excess of 20% of the time worked.

153. In *Rosas v. Capital Grille Holdings, Inc.*, 12 Civ. 00660, filed in the United States District Court for the Northern District of Illinois, thirteen plaintiffs alleged that defendants including Darden and GMRI required them to report to work and begin working before they were permitted to clock in, and required them to continue working after clocking out.

154. In *Jones v. Darden Restaurants, Inc.*, 12 Civ. 62130, filed in the United States District Court for the Southern District of Florida, the plaintiff alleged that he was required to work off-the-clock in order to meet labor cost goals, which in turn deprived him of overtime pay.

**D.        Retaliation**

155. Plaintiffs Lisa Long and Amanda Emerson have been subject to retaliatory conduct by Defendants and were fired from their employment as a direct result of their participation in this lawsuit.

**1. Lisa Long**

156. On January 11, 2013, the same day Defendants issued a deposition notice for Ms. Long in this lawsuit, her Area Manager, Charlie Davis, met with her and solicited and obtained a written statement from her regarding her clocking in and clocking out activities, activities which are among the subjects of her claims in this action.

157. On January 16, 2013, Ms. Long was suspended from work by Mr. Davis and Craig Barhorst, her General Manager, purportedly while they investigated her clocking in and clocking out activities.

158. On January 21, 2013, Ms. Long called Mr. Davis and explained that the clocking in and out activities she had engaged in over the course of the last three years had not originated with her, but had been implemented at the specific direction and with the consent and knowledge of her prior service manager at Bahama Breeze.

159. On January 25, 2013, Messrs. Davis and Barhorst called Ms. Long into a meeting where they questioned her about her time management practices involved in this action.

160. At the January 25, 2013 meeting, Messrs. Davis and Barhorst demanded that Ms. Long write a statement describing her clocking in and out practices.

161. Ms. Long's statement explained that her prior manager had instructed her not to work when she was at or approaching 40 hours during any given work week.

162. Ms. Long's statement further explained that this same Service Manager had instructed her to not clock in before she was assigned her first table, to use the Breakstart key if

she had idle tables, not to clock in when food running or acting as a server assistant, and to clock out when participating in closing work.

163. This Service Manager further informed Ms. Long that, if she were close to 40 hours, she should inform the Service Manager so that the Service Manager could clock her out prior to the time Ms. Long actually left the restaurant, which the Service Manager did.

164. On January 28, 2013, approximately two weeks before Ms. Long's deposition in this case, she was terminated from her employment with Bahama Breeze.

> **2.** **Amanda Emerson**

165. On or about January 7, 2013, Ms. Emerson gave two weeks notice to her Service Manager at Bahama Breeze.

166. On January 11, 2013, Defendants issued a deposition notice for Ms. Emerson in this lawsuit.

167. On January 15, 2013, Ms. Emerson informed her General Manager, Craig Barhorst, that she changed her mind and wished to remain with Bahama Breeze.

168. Mr. Barhorst told Ms. Emerson that she was out of the system, to reapply and go through the formality of filling out an online application.

169. On January 18, 2013, Mr. Barhorst informed Ms. Emerson that the restaurant would be willing to take her back if she agreed to be retrained, which she agreed to do.

170. Mr. Barhorst then instructed Ms. Emerson to return to the restaurant on January 28, 2013 to receive her training schedule.

171. When Ms. Emerson arrived at the restaurant on January 28, 2013, the same day on which Ms. Long was terminated and only days before Ms. Emerson's deposition in this case, Mr. Barhorst informed her that Bahama Breeze would not take her back. Mr. Barhorst did not

give Ms. Emerson any reasons why Bahama Breeze would not take her back, except to state that she had "been bad to Bahama Breeze."

## **COLLECTIVE ACTION ALLEGATIONS**

172. Plaintiffs bring this action on behalf of the Class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, 215(a)(3), and 216(b).

173. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

174. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the Class is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are at least thousands of individuals in the Class.

175. The claims of Plaintiffs are typical of the claims of the Class. Plaintiffs and the members of the Class work or have worked for Defendants at the Restaurants and were subject to the same operational, compensation and timekeeping policies and practices, including not being paid for all hours worked, and have been or are in danger of being retaliated against for seeking the compensation they are owed.

176. Common questions of law and fact exist as to the Class which predominate over any questions only affecting them individually and include, but are not limited to, the following:

- whether Plaintiffs and the members of the Class were encouraged, expected, permitted, and/or required to work hours without compensation;

- whether Defendants failed to pay Plaintiffs and the members of the Class the applicable minimum wage for all hours worked;

- whether Defendants failed to pay Plaintiffs and the members of the Class all overtime compensation due to them for all hours worked in excess of forty hours per week;

- whether defendants failed to pay Plaintiffs and the members of the Class the proper wages for time spent performing duties unrelated and not incidental to their tipped occupation;

- whether Defendants violated applicable tip credit rules by requiring Plaintiffs and the members of the Class to spend over 20% of their work shifts performing non-tipped Side Work;

- the correct statutes of limitations for Plaintiffs' claims and the claims of the members of the Class;

- whether Plaintiffs and the members of the Class are entitled to damages, including but not limited to liquidated damages, and the measure of damages;

- whether Plaintiffs and the members of the Class have been or are in danger of being subjected to retaliation for pursuing their claims; and

- whether Defendants are liable for attorneys' fees and costs.

177. Plaintiffs will fairly and adequately protect the interests of the Class as their interests are aligned with those of the members of the Class. Plaintiffs have no interests adverse to the Class, and Plaintiffs have retained competent counsel who are experienced in class action litigation.

178. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Class are relatively small when compared to the expense and burden of litigation, making it

virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

179. Plaintiffs and the other members of the Class have suffered and will continue to suffer irreparable damage from the unlawful policies and practices implemented by Defendants.

## FIRST CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID WAGES
**(On Behalf of Plaintiffs and the Class)**

180.  Plaintiffs, on behalf of themselves and the Class, repeat and reallege each paragraph above as though it were fully set forth at length herein.

181. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

182.  At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Class Members within the meaning of the FLSA.

183. At all relevant times, Defendants had a uniform policy and practice of willfully refusing to pay tipped employees for all hours worked.

184. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the members of the Class, the applicable federal minimum wage for all hours worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq.

185.  Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

186. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the Class, are entitled to recover from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**FAIR LABOR STANDARDS ACT VIOLATIONS - OVERTIME**
**(On Behalf of Plaintiffs and the Class)**

187.  Plaintiffs, on behalf of themselves and the Class, repeat and reallege each paragraph above as though it were fully set forth at length herein.

188.  At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

189.  At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Class Members within the meaning of the FLSA.

190.  At all relevant times, Defendants had a uniform policy and practice of willfully refusing to pay tipped employees appropriate overtime compensation for all hours worked in excess of forty hours per work week by Plaintiffs and each of the Class Members.

191.  As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the members of the Class, the applicable federal minimum wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq.

192.  Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

193.  Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the Class, are entitled to recover from Defendants, compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE**
**(On Behalf of Plaintiffs and the Class)**

*Nicole Alequin v. Darden Restaurants, Inc.*

194.  Plaintiffs, on behalf of themselves and the Class, repeat and reallege each paragraph above as though it were fully set forth at length herein.

195. Pursuant to Defendants' uniform compensation policies, Defendants chose to pay their tipped employees the tip-credit wage rather than the applicable minimum wage.

196. Because of Defendants' failure to pay tipped employees for all hours worked, tipped employees, including Plaintiffs and the members of the Class, did not receive wages equal to or in excess of the applicable minimum wage for all hours worked.

197. As alleged herein, pursuant to Defendants' uniform policies, tipped employees including Plaintiffs and the members of the Class were required to perform non-tipped Side Work while not clocked into DASH and as a result received no compensation for such time worked.

198. Furthermore, the Side Work which Plaintiffs and the members of the Class were required to perform before, during and after their shifts exceeded twenty percent (20%) of their time at work and/or was unrelated and not incidental to their tipped occupation.

199. Defendants are not and were not entitled to take the tip credit for all such time. Defendants thus failed to pay Plaintiffs and the members of the Class the proper applicable minimum wages rates for this time, and the full minimum wage for such time is owed.

200. Plaintiffs and the members of the Class are therefore entitled to compensation for the unpaid minimum wages at an hourly rate to be proven at trial (either the applicable state minimum wage or the federal minimum wage, whichever is higher), plus applicable overtime, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT VIOLATION – UNLAWFUL RETALIATION**
**(On Behalf of Plaintiffs and the Class)**

201. Plaintiffs, on behalf of themselves and the Class, repeat and reallege each paragraph above as though it were fully set forth at length herein.

202. It is a violation of 29 U.S.C. § 215(a)(3) "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter …."

203. Any employer who violates the provisions of 29 U.S.C. § 215(a)(3) "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

204. By terminating plaintiffs Lisa Long and Amanda Emerson and terminating and/or threatening by their actions with respect to Lisa Long and Amanda Emerson to terminate or otherwise discriminate against other named Plaintiffs and opt-in Plaintiffs for filing and/or joining this lawsuit, Defendants retaliated against said Plaintiffs in violation of 29 U.S.C. § 215(a)(3).

205. As a result of Defendants' unlawful retaliation against plaintiffs Lisa Long and Amanda Emerson, and upon information and belief, other named Plaintiffs and opt-in Plaintiffs have been or may be discouraged from participating in the lawsuit for fear that they may experience similar retaliation.

206. As a result of Defendants' unlawful actions, Plaintiffs and the members of the Class have been retaliated against, and are in danger of being retaliated against—Defendants having shown their propensity and inclination to do so—and Plaintiffs are entitled to an injunction enjoining Defendants during the pendency of this action and upon final determination hereof

from further retaliatory conduct against any named or opt-in Plaintiffs in this action, reinstatement, back pay, front pay, compensatory and liquidated damages, together with interest, costs, and reasonable attorneys' fees.

207. Plaintiffs also seek an order prohibiting Defendants from questioning any Plaintiffs regarding the subject matter of this lawsuit without first alerting Plaintiffs' counsel and providing Plaintiffs' counsel with the opportunity to be present at any such questioning.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the Class, request that this Court grant the following relief against Defendants:

A.    Designation of this action as a collective action on behalf of the Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. §216(b);

B.    On the first claim for relief, an award of compensation for unpaid wages to Plaintiffs and the members of the Class;

C.    On the second claim for relief, an award of unpaid compensation for overtime to Plaintiffs and the members of the Class;

D.    On the third claim for relief, an award of compensation for unpaid minimum wages at the applicable minimum wage rate (either the applicable state minimum wage or the federal minimum wage, whichever is higher) to Plaintiffs and members of the Class;

E.    On the fourth claim for relief, an injunction enjoining Defendants during the pendency of this action and upon final determination hereof from further retaliatory conduct against any named or opt-in Plaintiffs in this action, reinstatement, back pay, and

*Nicole Alequin v. Darden Restaurants, Inc.*

front pay, and an order prohibiting Defendants from questioning any Plaintiffs regarding the subject matter of this lawsuit without first alerting Plaintiffs' counsel and providing Plaintiffs' counsel with the opportunity to be present at any such questioning;

F.      On the first, second, third, and fourth claims for relief, an award of liquidated damages to Plaintiffs and the members of the Class;

G.      On the first, second, third, and fourth claims for relief, an award of prejudgment and post-judgment interest to Plaintiffs and the members of the Class;

H.      On the first, second, third, and fourth claims for relief, an award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs and members of the Class; and

I.      Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 18, 2014

Respectfully submitted,

s/ David H. Lichter
David H. Lichter (FBN: 0359122)
DLichter@HLGLawyers.com
HIGER LICHTER & GIVNER
18305 Biscayne Blvd., Suite 302
Aventura, FL 33160
Tel: (305) 356-7555
Fax: (305) 933-0998
*Attorneys for Plaintiffs*

*Nicole Alequin v. Darden Restaurants, Inc.*

Ted E. Trief
ttrief@triefandolk.com
Barbara Olk
bolk@triefandolk.com
Shelly L. Friedland
sfriedland@triefandolk.com
Stan Gutgarts
sgutgarts@triefandolk.com
TRIEF & OLK
150 E 58th Street, 34th Floor
New York, NY 10155
Tel.: (212) 486-6060
Fax.: (212) 317-2946
*Co-Counsel for Plaintiffs*

Peter S. Pearlman, Esq.
psp@njlawfirm.com
Alex Pisarevsky
AP@njlawfirm.com
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 Plaza West One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Tel.: (201) 845-9600
Fax.: (201) 845-9423
*Co-Counsel for Plaintiffs*

*Nicole Alequin v. Darden Restaurants, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2014, I electronically filed with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served on all counsel of record identified on the attached service list in the manner specified, either via transmissions of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel who are not authorized to receive Notices of Electronic Filing.

/s/David H. Lichter

## SERVICE LIST

Aaron Reed, Esq.
Patrick G. DeBlasio, Esq.
Jessica T. Travers, Esq.
Littler Mendelson, P.C.
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, Florida 33131
P: 305-400-7500
F: 305-603-2552
E: areed@littler.com
E: pdeblasio@littler.com
E: jtravers@littler.com
*Counsel for Defendants*

Nick D. Campanario, Esq.
Gerald L. Maatman, Jr., Esq.
Seyfarth Shaw, LLP
131 South Dearborn, Suite 2400
Chicago, IL 60603
P: 312-460-5224
E: ncampanario@seyfarth.com
E: gmaatman@seyfarth.com
*Counsel for Defendants*

John Ybarra, Esq.
Amy S. Ramsey, Esq.
Niloy Ray, Esq.
Michael J. Lehet, Esq.
Littler Mendelson, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
P: 312-372-5520
F: 312-372-7880
E: jybarra@littler.com
E: aramsey@littler.com
E: nray@littler.com
E: mlehet@littler.com
*Counsel for Defendants*